UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

TRUSTEES OF THE STRUCTURAL STEEL AND
BRIDGE PAINTERS OF GREATER NEW YORK
EMPLOYEE TRUST FUNDS and TRUSTEES OF THE
DISTRICT COUNCIL 9 PAINTING INDUSTRY
INSURANCE AND ANNUITY FUNDS,

        Plaintiffs,

    v.

GEORGE CAMPBELL PAINTING CORP. and
FEDERAL INSURANCE COMPANY,

        Defendants.

----------------------------------------------------------------------X

Case No. 08 Civ. 3403 (SCR)
(WHITE PLAINS)

**ANSWER WITH
COUNTERCLAIM
AND CROSS-CLAIMS**

       Defendant Federal Insurance Company ("Federal"), by its attorneys Lambert & Weiss, as

and for its Answer with Counterclaim and Cross-Claims in response to the Complaint in the

above-captioned action, states upon information and belief, as follows:

### AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

       1.    Denies each and every allegation contained in paragraph "1" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

       2.    Denies each and every allegation contained in paragraph "2" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

       3.    Denies each and every allegation contained in paragraph "3" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

       4.    Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "4" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts, agreements, or surety bonds allegedly at issue.

5.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "5" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any legal conclusions or interpretations, as well as refers the Court to the subject surety bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein.

## AS AND FOR AN ANSWER TO "PARTIES"

6.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "6" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

7.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "7" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

8.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "8" of plaintiffs' Complaint as against defendant Federal.

9.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "9" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law.

10.    Denies any knowledge or information sufficient to form a belief as to any of the

2

allegations contained in paragraph "10" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law.

11.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "11" of plaintiffs' Complaint as against defendant Federal, except has no reason to dispute the allegation solely to the extent that co-defendant George Campbell Painting Corp. ("GCPC") was and is a New York domestic business corporation maintaining an office for the transaction of business in the State of New York.

12.    Denies each and every allegation contained in paragraph "12" of plaintiffs' Complaint, except admits that Federal is a corporation organized under the laws of the State of Indiana, maintains its principal place of business located at 15 Mountain View Road, Warren, New Jersey, and is authorized to issue surety bonds in the State of New York.

## AS AND FOR AN ANSWER TO "CAUSES FOR RELIEF" AND AS AND FOR AN ANSWER TO A "FIRST CLAIM FOR RELIEF" AGAINST DEFENDANTS GEORGE CAMPBELL PAINTING AND FEDERAL INSURANCE COMPANY

13.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "13" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

14.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "14" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

15.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "15" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any applicable
contracts or agreements.

16.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "16" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law and/or any applicable
contracts or agreements.

17.    Denies each and every allegation contained in paragraph "17" of plaintiffs'
Complaint as against defendant Federal, except admits that: Federal, as surety, and GCPC, as
principal, issued a payment bond numbered 8162-79-06 (the "Henry Hudson Payment Bond") in
favor of the Triborough Bridge and Tunnel Authority ("TBTA") with respect to GCPC's
Contract HHM-314 with the TBTA to perform certain painting work ("Contract HHM-314") for
a project known as the Henry Hudson Bridge (the "Henry Hudson Project"); and Federal, as
surety, and GCPC, as principal, issued a payment bond numbered 8144-24-40 (the "GWB
Payment Bond" and, together with the "Henry Hudson Payment Bond", collectively, the
"Bonds") in favor of The Port Authority of New York and New Jersey ("Port Authority") with
respect to GCPC's Contract GWB-244.006 with the Port Authority to perform certain painting
work ("Contract GWB-244.006") for a project known as the George Washington Bridge –
Removal of Lead Based Paint and Repainting Underside of the Upper Level and Structural Steel
Rehabilitation (the "GWB Project"). Federal respectfully refers the Court to Contract HHM-314,
Contract GWB-244.006 and the Bonds and all of the terms, provisions, conditions, definitions,
conditions precedent and/or limitations contained therein, as well as to all applicable law.

18.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "18" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any legal conclusions or interpretations, as well as refers the Court to § 137 of New York State Finance law and to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein.

19.    Denies each and every allegation contained in paragraph "19" of plaintiffs' Complaint as against defendant Federal, except admits that Federal received a letter dated February 27, 2007 from counsel for Structural Steel and Bridge Painters of Greater New York Local 806 Funds ("Local 806") purporting to make a claim solely on the GWB Payment Bond with respect to the GWB Project only and in an alleged sum well below the amount claimed herein, and Federal respectfully refers the Court to that letter, to Contract GWB-244.006, to Contract HHM-314 and/or to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

20.    Denies each and every allegation contained in paragraph "20" of plaintiffs' Complaint.

21.    Denies each and every allegation contained in paragraph "21" of plaintiffs' Complaint.

22.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "22" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable agreements or contracts.

23.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "23" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable

agreements or contracts.

24.    Denies each and every allegation contained in paragraph "24" of plaintiffs'
Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds,
and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations
contained therein, as well as to all applicable law.

## AS AND FOR AN ANSWER TO A "SECOND CLAIM FOR RELIEF" AGAINST DEFENDANTS GEORGE CAMPBELL PAINTING AND FEDERAL INSURANCE CO.

25.    Federal repleads and reasserts with respect to paragraph "25" of plaintiff's
Complaint each and every matter set forth above with the same force and effect as if each such
matter was fully set forth here again at length.

26.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "26" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law and/or any applicable
agreements or contracts.

27.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "27" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable.

28.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "28" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law and/or any applicable
agreements or contracts.

29.    Denies each and every allegation contained in paragraph "29" of plaintiffs'
Complaint as against defendant Federal.

30.    Denies each and every allegation contained in paragraph "30" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

31.     Denies each and every allegation contained in paragraph "31" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

## AS AND FOR AN ANSWER TO A "THIRD CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

32.     Federal repleads and reasserts with respect to paragraph "32" of plaintiff's Complaint each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

33.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "33" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

34.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "34" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

35.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "35" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

36.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "36" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

37.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "37" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

38.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "38" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

## AS AND FOR AN ANSWER TO A "FOURTH CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

39.     Federal repleads and reasserts with respect to paragraph "39" of plaintiff's Complaint each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

40.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "40" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

41.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "41" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as

against Federal.

42.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "42" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

43.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "43" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

44.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "44" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

45.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "45" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

### AS AND FOR AN ANSWER TO A "FIFTH CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

46.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "46" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

47.    Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "47" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

48.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "48" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

50.    This Court lacks subject-matter jurisdiction for any action or claim by the plaintiffs as against defendant Federal.

51.    The statues that the plaintiffs referenced in the Complaint fail to provide any ground for this Court to exercise its subject-matter jurisdiction based on any federal question or otherwise to invoke this Court's jurisdiction in an action by plaintiffs against defendant Federal.

52.    Plaintiffs also have made no allegations warranting this Court to exercise federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

53.    Upon information and belief, the plaintiffs, which admittedly reside in the State of New York where defendant GCPC admittedly resides as well, cannot meet their burden to establish that "complete" diversity of citizenship exists between the plaintiffs, on one hand, and the defendants, on the other hand.

54.    By reason of any of the foregoing, plaintiffs' Complaint as against defendant Federal must be dismissed in all respects.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

56.     Federal, as a surety, furnishing with its principal, GCPC, payment bonds governed by state surety law in New York, is not an "employer" under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145.

57.     As a surety, Federal is not itself directly obligated under the terms of any collective bargaining agreement, union agreement, labor agreement and/or any other agreement or contract referenced in plaintiffs' Complaint (other than the Bonds) and, thereby, Federal has no duties or obligations under any such agreements or contracts.

58.     Federal's obligations, if any at all, arise under the terms, conditions, provisions, definitions, conditions precedent and/or limitations contained in the GWB Payment Bond and/or the Henry Hudson Payment Bond.

59.     Any claims by plaintiffs under the GWB Payment Bond and/or the Henry Hudson Payment Bond are limited to state surety law, and do not present any substantial federal question.

60.     Plaintiffs lack standing to bring any of the claims set forth in their Complaint and/or to maintain the instant action as against defendant Federal.

61.     By reason of any of the foregoing, the plaintiffs have failed to invoke the subject-matter jurisdiction of this Court and, thereby, plaintiffs' Complaint must be dismissed in its entirety.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

11

63.    Upon information and belief, the plaintiffs' instant action against defendant

Federal under the GWB Payment Bond is untimely.

64.    Section 137 of New York State Finance Law, upon which plaintiffs have relied in

their instant action, provides in pertinent part:

>    4.    * * *
>    (b) ... no action on a payment bond furnished pursuant to this section
>    shall be commenced after the expiration of one year from the date on
>    which final payment under the claimant's subcontract became due. ...

65.    Upon information and belief, Contract GWB-244.006 was completed in July 2003

and accepted by the Port Authority in or around Fall 2003.

66.    Accordingly, the plaintiffs' instant action filed with the Court on or about April 7,

2008 was not commenced on the GWB Payment Bond within one (1) year from the date when

final payment became due to plaintiffs and/or to any of the purported beneficiaries for whom the

plaintiffs allege to represent in the instant action relating to the GWB Project, which, upon

information and belief, was on or about July 2003.

67.    By reason of any of the foregoing, the plaintiffs' instant action against defendant

Federal on the GWB Payment Bond is time barred pursuant to § 137 of New York State Finance

Law and, thereby, plaintiffs' Complaint and/or claims or causes of action for relief on the GWB

Payment Bond must be dismissed as against defendant Federal in all respects.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68.    Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

69.    Upon information and belief, the plaintiffs' instant action against defendant

Federal under the Henry Hudson Payment Bond is untimely.

70.    Section 137 of New York State Finance Law, upon which plaintiffs have relied in

their instant action, provides in pertinent part:

> 4.    * * *
> (b) ... no action on a payment bond furnished pursuant to this section
> shall be commenced after the expiration of one year from the date on
> which final payment under the claimant's subcontract became due. ...

71.    Upon information and belief, the plaintiffs' instant action filed with the Court on

or about April 7, 2008 was not commenced on the Henry Hudson Payment Bond within one (1)

year from the date when final payment became due to plaintiffs and/or to any of the purported

beneficiaries for whom the plaintiffs allege to represent in the instant action relating to the Henry

Hudson Project.

72.    By reason of any of the foregoing, the plaintiffs' instant action against defendant

Federal on the Henry Hudson Payment Bond is time barred pursuant to § 137 of New York State

Finance Law and, thereby, plaintiffs' Complaint and/or claims or causes of action for relief on

the Henry Hudson Payment Bond must be dismissed as against defendant Federal in all respects.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73.    Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

74.    Upon information and belief, Contract GWB-244.006 and/or the GWB Project

were completed in July 2003 and accepted by the Port Authority in or around Fall 2003.

75.    Upon information and belief, all fringe benefits or contributions properly due or

owing to plaintiffs and/or to the beneficiaries for whom the plaintiffs allege to represent in the

instant action relating to the completed Contract GWB-244.006 have been paid by GCPC.

76.    By reason of any of the foregoing, Federal has no liability under the GWB

Payment Bond, no obligation has arisen on the part of Federal under the GWB Payment Bond

and/or plaintiffs are not entitled to any relief demanded against Federal relating to the GWB

13

Project.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

78.    Plaintiffs are neither proper claimants nor obligees under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

79.    Plaintiffs lack standing to bring any of the claims set forth in their Complaint and/or to maintain the instant action as against defendant Federal.

80.    By reason of any of the foregoing, Federal has no liability to plaintiffs and/or the plaintiffs are not entitled to any recovery demanded against Federal in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

82.    Upon information and belief, the plaintiffs included in their instant action against Federal alleged fringe benefits or contributions relating to contracts or projects on which defendant Federal never issued any surety bond, let alone any surety bond on behalf of GCPC.

83.    Plaintiffs, upon information and belief, have further failed to reduce or deduct payments it/they have received from GCPC or otherwise relating to the Contract GWB-244.006, GWB Project, Contract HHM-314 and/or the Henry Hudson Bridge Project.

84.    Plaintiffs, upon information and belief, exaggerated, overstated, misstated and/or otherwise inaccurately set forth the purported amounts due or owing, if any at all, for alleged fringe benefits or contributions for which Federal is purportedly responsible under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

85.    Accordingly, the plaintiffs are estopped and/or barred from recovering for any part or all of plaintiffs' alleged claims on the GWB Payment Bond and/or the Henry Hudson Payment Bond, as a consequence of their aforesaid exaggeration, overstatement, misstatement and/or otherwise inaccurate portrayal of the purported amounts due or owing to it.

86.    By reason of any of the foregoing, plaintiffs' Complaint must be dismissed in all respects.

<h2 style="text-align:center">AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</h2>

87.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

88.    Plaintiffs do not have "lawful" and/or "just" claims under the GWB Payment Bond and/or the Henry Hudson Payment Bond issued by Federal and, thereby, the plaintiffs cannot establish an express condition precedent to its/their rights to bring any action or to recover under the aforesaid payment bonds.

89.    By reason of any of the foregoing, plaintiffs' Complaint must be dismissed in all respects.

<h2 style="text-align:center">AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND AS A SETOFF</h2>

90.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

91.    To the extent that the plaintiffs have received payments under, or attributable to, Contract GWB-244.006, Contract HHM-314 and/or any fringe benefit bond issued to cover any obligations of GCPC (including, without limitation, Liberty Mutual's fringe benefit bond), whether directly or by way of setoff, recoupment or otherwise, and/or to the extent that plaintiffs hold collateral in any form, then Federal is entitled to an appropriate credit against any and all

sums allegedly due and owing to plaintiffs, if any at all, to the full extent of such payments, setoffs and/or collateral.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

92.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

93.     On its/their face, the GWB Payment Bond and/or the Henry Hudson Payment Bond do not cover any alleged "interest", "liquidated damages", "attorneys' fees" and/or "costs" as alleged by the plaintiffs in this action.

94.     By reason of the foregoing, the plaintiffs are not entitled to any "interest", "liquidated damages", "attorneys' fees" and/or "costs" against Federal as demanded in the instant action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

96.     Federal's liability, if any at all, under the GWB Payment Bond and/or the Henry Hudson Payment Bond is limited to each penal sum of each such bond. If the total claims by plaintiffs and/or others under the GWB Payment Bond and/or the Henry Hudson Payment Bond exceed the aforesaid penal sum or sums, Federal's liability, if any at all, is limited to the pro rata share of the penal sum or sums as to this claim and/or other claims under the aforesaid bonds.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
## AND AS A SETOFF AND COUNTERCLAIM

97.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

98.     Upon information and belief, the plaintiffs included in their instant action against

16

Federal alleged fringe benefits or contributions relating to contracts or projects on which defendant Federal never issued any surety bond, let alone any surety bond on behalf of GCPC.

99.    Plaintiffs, upon information and belief, have further failed to reduce or deduct payments it/they have received from GCPC or otherwise relating to the Contract GWB-244.006, GWB Project, Contract HHM-314 and/or the Henry Hudson Bridge Project.

100.    Plaintiffs, upon information and belief, exaggerated, overstated, misstated and/or otherwise inaccurately set forth the purported amounts due or owing, if any at all, for alleged fringe benefits or contributions for which Federal is purportedly responsible under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

101.    In addition, there is absolutely no basis in fact or law for any claim against Federal under ERISA.

102.    Accordingly, some or all of the claims and/or the amounts thereof asserted by the plaintiffs in this action is or are without substantial basis in fact or law.

103.    By reason of any of the foregoing, the plaintiffs cannot maintain their action against Federal and/or this Court should award Federal its attorneys' fees relating to plaintiffs' claims and this action pursuant to § 137(4)(c) of New York State Finance Law.

## CROSS-CLAIMS

1.    At all times hereinafter mentioned, defendant/cross-claimant Federal was and still is a corporation organized under the laws of the State of Indiana, maintains its principal place of business located in Warren, New Jersey, and is authorized to issue surety bonds in the State of New York ("Federal").

2.    At all times hereinafter mentioned, co-defendant/cross-claim defendant George Campbell Painting Corp. was and still is a New York domestic business corporation, maintaining

17

its principal place of business located in the State of New York ("GCPC").

3.    Upon information and belief, plaintiffs Trustees of the Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds were and still are organizations or entities residing in and/or maintaining their principal place of business located in the State of New York ("Plaintiffs").

## Jurisdiction and Venue

4.    As cross-claimant Federal and cross-claim defendant GCPC are citizens of different States and as the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, this Court has jurisdiction over the cross-claims pursuant to 28 U.S.C. § 1332(a).

5.    Venue of the cross-claims is proper in this District pursuant to 28 U.S.C. § 1391.

## Nature of the Cross-Claims

6.    The nature of the instant cross-claims against co-defendant GCPC are to recover under written indemnity agreements, in equity and/or at common-law in favor of cross-claimant Federal for all or part of the claims by Plaintiffs against Federal in the event that Federal is found liable, in whole or in part, for any such claims by Plaintiffs, including, but not limited to, alleged failures by GCPC to pay the Plaintiffs purportedly due or owing fringe benefits or contributions.

## Factual Background

7.    Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "6" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

8.    Upon information and belief, GCPC entered into a contract with The Port Authority of New York and New Jersey ("Port Authority") whereby GCPC agreed to perform

18

certain painting work ("Contract GWB-244.006") in connection with a project known as the

George Washington Bridge – Removal of Lead Based Paint and Repainting Underside of

the Upper Level and Structural Steel Rehabilitation (the "GWB Project").

9.      Upon information and belief, GCPC entered into a contract with the Triborough

Bridge and Tunnel Authority ("TBTA") whereby GCPC agreed to perform certain painting work

("Contract HHM-314") in connection with a project known as the Henry Hudson Bridge (the

"Henry Hudson Project").

10.      Subsequently, Federal, as surety, and GCPC, as principal, issued a payment bond

numbered 8144-24-40 in favor of the Port Authority, as obligee or owner, with respect to

Contract GWB-244.006 for the GWB Project (the "GWB Payment Bond").

11.      Federal, as surety, and GCPC, as principal, also issued a payment bond numbered

8162-79-06 in favor of the TBTA, as obligee or owner, with respect to Contract HHM-314 for

the Henry Hudson Project (the "Henry Hudson Payment Bond").

12.      Plaintiffs commenced this action against GCPC and Federal by filing a Complaint

on or about April 7, 2008 (the "Complaint").

13.      In the Complaint, Plaintiffs asserted claims against Federal under the GWB

Payment Bond and the Henry Hudson Payment Bond based on alleged defaults or failures of

Federal's principal, GCPC, to pay certain alleged contributions or fringe benefits purportedly due

and owing to Plaintiffs under certain labor or collective bargaining agreements.

14.      In response to the Complaint, Federal served and filed the instant Answer with

Counterclaim and Cross-Claims, denying all the material allegations of Plaintiffs' Complaint,

asserting various defenses and setoffs, and interposing a counterclaim against the Plaintiffs.

15.      On or about October 24, 1995, cross-claim defendant GCPC and the other

19

indemnitors, Campbell Engineering Support Services, Inc. ("Campbell Engineering"), George

Campbell Associates Corp. ("GCAC"), George Campbell Contracting Supply Corporation

("GCCS") and Georval, Inc. ("Georval"), executed a written indemnity agreement in favor of

defendant/cross-claimant Federal that cover the claims asserted by Plaintiffs in their Complaint

(the "1995 Indemnity Agreement").  Indemnitors Painter's Equipment Leasing, Inc. ("Painter's

Equipment"), Campbell Painting and Campbell Contracting, together with indemnitors Campbell

Engineering, GCAC and Georval, also executed a written indemnity dated November 6, 1996 in

favor of Federal, which covers the claims asserted by Plaintiffs in their Complaint (the "1996

Indemnity Agreement").

       16.     Gregory E. Campbell, individually and personally ("Greg Campbell"), together

with the aforesaid other indemnitors, executed a written indemnity agreement in favor of Federal

on or about April 30, 2008, which covers the claims asserted by Plaintiffs in their Complaint (the

"2008 Indemnity Agreement" and, together with the "1995 Indemnity Agreement" and the "1996

Indemnity Agreement, collectively, the "Indemnity Agreements").

       17.     In the event that Federal is found liable to Plaintiffs, subject to and without

waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, cross-

claim defendant GCPC, together with the other indemnitors Campbell Engineering, GCAC,

GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting, and Greg

Campbell (individually and personally) are, jointly and severally, liable and indebted to

defendant/cross-claimant Federal, among other things, under the Indemnity Agreements and/or

applicable New York law.

## AS AND FOR A FIRST CROSS-CLAIM
### (Contractual Indemnification)

       18.     Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "17" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

19.    In the Complaint, the Plaintiffs alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 ("Local 806"); that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

20.    As consideration for its/their execution of the Indemnity Agreements, Federal furnished, procured, continued and/or executed the Bonds on behalf of cross-claim defendant GCPC and/or the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell, with respect to Contract GWB-244.006 and/or Contract HHM-314.

21.    By its/their terms, the Indemnity Agreements executed by said indemnitors apply to any bonds written by Federal on behalf of cross-claim defendant GCPC and/or the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell.

22.    The 1995 Indemnity Agreement and 1996 Indemnity Agreement both provide in

pertinent part, as follows:

> ... Indemnitor[s] being benefited by execution and delivery of ... bonds,
> hereby agree[] that [they] will at all times jointly and severally indemnify
> and save harmless [the] Company[, Federal,] from and against any and all
> loss, damage or expense, including court costs and attorneys' fees, which it
> shall at any time incur by reason of its execution and/or delivery of said bond
> or bonds or its payment of any claim or liability thereunder ....

23.    By virtue of the 2008 Indemnity Agreement, cross-claim defendant GCPC and all

of the other indemnitors agreed, among other things, jointly and severally, to indemnify,

exonerate and hold harmless Federal, in pertinent part as follows:

> 7.    Gregory E. Campbell, individually and personally, must at all times
> indemnify, hold harmless and exonerate Federal from and against any and all loss,
> damage, liability, claims, costs and/or expenses, including, without limitation, all
> court costs and attorneys' fees, expert fees and expenses, consulting fees and
> expenses and/or engineering fees and expenses, which Federal may incur at any
> and all times relating to: (a) any and all insurance required by the Contract or
> necessary to perform the Work and/or costs of furnishing such insurance; (b) any
> and all materials, equipment, fuels and/or costs of furnishing any of the foregoing
> relating to the Work, Contract and/or Project; (c) any and all representations,
> warranties, covenants, acknowledgments and/or statements made by Gregory E.
> Campbell, whether alone or together with Indemnitors, anywhere in this
> Agreement, including, without limitation, in paragraphs "2" and/or "9" hereof; (d)
> any claims and/or "Loss" arising from, relating to and/or incidental to any breach
> of, failure to meet or discharge, and/or inaccuracy contained in, any such
> representations, warranties, covenants, acknowledgments and/or statements;
> and/or (e) the enforcement of this Agreement ... ; and Gregory E. Campbell,
> individually and personally, shall place Federal in funds promptly, on request, and
> before Federal may be required to make any payment of or incurs any "Loss"
> relating to any matters embraced by this paragraph.  Notwithstanding anything
> contained in this Agreement to the contrary, the Indemnitors (including Gregory
> E. Campbell, individually and personally) must at all times indemnify, hold
> harmless and exonerate Federal from and against: (i) any and all claims made or
> to be made by Local 806; (ii) any and all claims made or to be made by Vista
> Engineering; (iii) any claims for work, materials, equipment, labor, or supplies
> relating to the Contract, the Work and/or Project; (iv) any claims made or to be
> made for payroll taxes and/or union benefits relating to the Contract, the Work
> and/or Project; and/or (v) any and all "Loss" as defined herein, including, without
> limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or
> settlement amounts, relating to any of the foregoing....

> 8.    Each and every one of the Indemnitors, except for Gregory E. Campbell

whose indemnity obligations in favor of Federal are set forth in paragraph "7" hereof, shall at all times jointly and severally indemnify, hold harmless and exonerate Federal from and against any and all loss, damage, liability, claims, costs and/or expenses, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of the investigation, defense and/or payment relating to any Claims, requests, the Work, the Contract, the Project, the Bonds, Other Bonds, any claims discussed herein or this Agreement, and/or by reason of entering into or enforcing this Agreement … ; and said Indemnitors shall place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any "Loss" as defined herein.  Notwithstanding anything contained in this Agreement to the contrary, the Indemnitors (including Gregory E. Campbell, individually and personally) must at all times indemnify, hold harmless and exonerate Federal from and against: (i) any and all claims made or to be made by Local 806; (ii) any and all claims made or to be made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies relating to the Contract, the Work and/or Project; (iv) any claims made or to be made for payroll taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing….

24.     Plaintiffs have alleged in their Complaint that cross-claim defendant GCPC, Federal's principal on the Bonds, purportedly failed to pay fringe benefit contributions due and owing to Plaintiffs and to Local 806 in contravention of a collective bargaining agreement, a trust indenture or policy and/or ERISA.

25.     By reason of the foregoing, Plaintiffs have alleged that they are entitled to recover not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursement, and attorneys' fees, for which defendant/cross-claimant Federal is purportedly liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond issued on behalf of cross-claim defendant GCPC.

26.     Upon information and belief, if the allegations set forth in Plaintiffs' Complaint against Federal are upheld, subject to and without waiving any and all rights, claims, setoffs,

23

counterclaims, remedies or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint.

27.    By virtue of the Indemnity Agreements, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to defendant/cross-claimant Federal for any amounts or damages which may be awarded to the Plaintiffs and/or for such amounts that Federal may pay to Plaintiffs pursuant to the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment Bond, the Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards.

**AS AND FOR A SECOND CROSS-CLAIM**
**(Contractual Indemnification and/or Collateral Security)**

28.    Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "27" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

29.    The 1995 Indemnity Agreement and 1996 Indemnity Agreement <u>both</u> provide in pertinent part:

> ... Indemnitor[s] ... will place the [] Company[, Federal,] in funds to meet all its liability under [the] ... bonds promptly on request and before it may be required to make payment thereunder and that a voucher or other evidence of payment by [] Company[, Federal,] of any such los, damage, expense, claim, or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company[, Federal,] under this Agreement....

24

30.    By the 2008 Indemnity Agreement, at paragraphs "7" and "8", cross-claim defendant GCPC and all the other indemnitors agreed, among other things, jointly and severally, to "place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any 'Loss'".

31.    In the 2008 Indemnity Agreement, the term "Loss" was specifically defined as:

> 1.    ...
> (h)    "Loss" shall mean any and all loss, damage, liability, claims, cost and/or expense, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times and before it may make any payment thereof, by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of its investigation and/or payment relating to any Claims, requests, the Work, the Contract, Project, the Bonds, Other Bonds or this Agreement, and/or by reason of entering into or enforcing this Agreement.

32.    By virtue of the foregoing, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are obligated, jointly and severally, to deposit with cross-claimant Federal, as collateral, an amount of money sufficient to protect Federal from any and all liability, losses or expenses relating to the claims asserted by the Plaintiffs in at least the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursement, and attorneys' fees, and together with any and all loss, liability costs, attorneys' fees, damages, consultant or expert fees, engineering fees, expenses and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, judgments, investigations, verdicts, damages and/or awards.

## AS AND FOR A THIRD CROSS-CLAIM
### (Contractual Indemnification, Discharge, Collateral and/or Specific Performance)

33.    Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "32" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

34.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, then cross-claimant Federal may be or become liable to Plaintiffs for all or part of the sums alleged in their Complaint.

35.    The 1995 Indemnity Agreement provides in pertinent part as follows:

> ... Indemnitor[s] also agree[] that [they] will, on request of the Company[, Federal,] promptly procure the discharge of the Company[, Federal,] from any bond or bond and all liability by reason thereof.  If such discharge is unattainable, the Indemnitor[s] will, if requested by Company[, Federal,] promptly provide a letter of credit to the Company[, Federal,] acceptable to Company, sufficient to cover all liability of the Company[, Federal,] under such bond or bonds, or promptly make provisions acceptable to the Company[, Federal,] for the funding of the bonded obligation(s).

36.    The 1995 Indemnity Agreement furnished in favor of cross-claimant Federal created valid and binding <u>specific</u> obligations for the benefit of Federal.

37.    The explicit and unambiguous language of the 1995 Indemnity Agreement afforded cross-claimant Federal unconditional rights and imposed specific obligations on indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval, simply upon demand, to procure the discharge of Federal under the Bonds and/or to provide a letter of credit in the full and total amount of all potential liability of Federal under the Bonds.

38.    By virtue of the foregoing, cross-claimant Federal is entitled to <u>specific performance</u> by indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval of the provisions of the 1995 Indemnity Agreement relating to said indemnitors' specific obligations to procure the complete discharge and/or to post collateral in the form of a letter of credit in favor of Federal to secure all potential liability and loss of Federal under the Bonds.

39.     Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval have failed to deposit any funds with cross-claimant Federal in connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors' obligations under the 1995 Indemnity Agreement, by law, or otherwise.

40.     Federal has no adequate remedy at law.

41.     By reason of any of the foregoing, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS and Georval, must post a letter of credit in favor of cross-claimant Federal in the sum of $153,599.03, plus an additional sum of $75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order to comply with the 1995 Indemnity Agreement.

## AS AND FOR A FOURTH CROSS-CLAIM
### (Quia Timet and/or Specific Performance)

42.     Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "41" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

43.     Pursuant to the terms of the Indemnity Agreements, GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) must deposit funds, money or collateral sufficient to protect Federal from any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or payments, investigations, judgments, verdicts, damages or awards.

44.     Federal further requests that the Court issue an order pursuant to the doctrine of

27

quia timet requiring cross-claim defendant GCPC to place Federal with funds sufficient to satisfy the claims of Plaintiffs, together with all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards.

45.     Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) have failed to deposit any funds with cross-claimant Federal in connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors' obligations under the Indemnity Agreements, by law, or otherwise.

46.     Federal also seeks exoneration from indemnitors GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) to indemnify, save and hold harmless and exonerate Federal from and against any and all liability to the Plaintiffs.

47.     Federal has no adequate remedy at law.

48.     By reason of the foregoing, cross-claimant Federal is entitled to an Order of this Court compelling cross-claim defendant GCPC to exonerate and indemnify Federal in accordance with the specific terms and conditions of the Indemnity Agreements and/or in accordance with New York law.

## AS AND FOR A FIFTH CROSS-CLAIM
### (Common-Law Indemnification)

49.     Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "48" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

28

50.    In the Complaint, the Plaintiffs alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with Local 806; that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

51.    By virtue of the foregoing, Plaintiffs have alleged that they are entitled to recover not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursements, and attorneys' fees, for which defendant/cross-claimant Federal is purportedly liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond issued on behalf of cross-claim defendant GCPC.

52.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint against Federal are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint.

53.    By reason of the foregoing, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to cross-claimant Federal for any amounts or damages which may be

awarded to the Plaintiffs and/or for such amounts that Federal may pay to Plaintiffs pursuant to

the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and

all loss, liability, costs, attorneys' fees, consultant or expert fees, expenses, engineering fees,

damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment

Bond, Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or

any payments, investigations, judgments, verdicts, damages or awards.

      **WHEREFORE**, defendant/counterclaim-plaintiff/cross-claimant Federal Insurance

Company ("Federal") respectfully demands Judgment, as follows:

      1.      Dismissing the Complaint as against defendant Federal in its entirety; and

      2.      On its setoffs and counterclaim against the Plaintiffs, awarding Federal an amount

to be determined at trial, together with interest, the costs and disbursements of this action, and

attorneys' fees, which will also reduce any damages against Federal, if any at all, to zero; and

      3.      On its cross-claims against co-defendant/cross-claim defendant George Campbell

Painting Corp.:

      a)      Awarding Federal all amounts which may be granted to Plaintiffs herein
over and against cross-claim defendant George Campbell Painting Corp., and for such amounts
that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest,
and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees,
engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a
result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments,
investigations, judgments, verdicts, damages and/or awards; and

      b)      Directing cross-claim defendant George Campbell Painting Corp. to
deposit funds with Federal, as collateral, in an amount of money sufficient to protect Federal
from all losses or expenses in at least the sum of $153,599.03, plus an award of interest,
liquidated damages, costs and disbursement, and attorneys' fees, and together with any and all
loss, liability costs, attorneys' fees, consultant or expert fees, engineering fees, expenses,
damages and/or interest incurred or to be incurred at any all times by Federal as a result of the
Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations,
judgments, verdicts, damages and/or awards; and

      c)      Compelling cross-claim defendant George Campbell Painting Corp. to

post collateral security in the form of a letter of credit in favor of cross-claimant Federal Insurance Company in the sum of $153,599.03, plus an additional sum of $75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order to comply with the 1995 Indemnity Agreement; and

        d)     Compelling cross-claim defendant George Campbell Painting Corp. to exonerate and indemnify Federal pursuant to the terms of the Indemnity Agreements and/or in accordance with New York law; and

        e)     Awarding Federal all amounts which may be granted to Plaintiffs herein over and against cross-claim defendant George Campbell Painting Corp., and for such amounts that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest, and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and/or

        4.     Granting defendant/counterclaim-plaintiff/cross-claimant Federal such other and

further relief as the Court may deem just, proper and/or equitable.

Dated: New York, New York
      June 27, 2008

                           LAMBERT & WEISS
                           Attorneys for Defendant/Counterclaim-
                             Plaintiff/Cross-Claimant Federal Insurance
                           Company

By:                             
                           MONROE WEISS (MW 9146)
                           61 Broadway, Suite 2020
                           New York, New York 10006
                           (212) 344-3100

TO:    Dana L. Henke, Esq.
        BARNES, IACCARINO, VIRGINIA,
          AMBINDER & SHEPHERD, PLLC
        Attorneys for Plaintiffs Trustees of the
          Structural Steel & Bridge Painters of
          Greater New York Employee Trust Funds
          and Trustees of the District Council 9
          Painting Industry Insurance & Annuity Funds
        258 Saw Mill River Road

Elmsford, NY 10523
(914) 592-1515

Michael E. Greene, Esq.
ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
Attorneys for Defendant George Campbell Painting Corp.
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6360

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK     )

    **STEPHANIE PAONESSA**, being duly sworn deposes and says:  deponent is not a party to this action, is over 18 years of age, and resides in STATEN ISLAND, NEW YORK.

    On the 27th day of June, 2008, I served a copy of the within:

### ANSWER WITH COUNTERCLAIM AND CROSS-CLAIMS

upon the following party(ies):

        Dana L. Henke, Esq.
        BARNES, IACCARINO, VIRGINIA, AMBINDER
         & SHEPHERD, PLLC
        *Attorneys for Plaintiffs Trustees of the Structural Steel*
        *& Bridge Painters of   Greater New York Employee*
        *Trust Funds and Trustees of the District Council 9*
        *Painting Industry Insurance & Annuity Funds*
        258 Saw Mill River Road
        Elmsford, NY 10523

        Michael E. Greene, Esq.
        ROBINSON BROG LEINWAND GREENE
         GENOVESE & GLUCK P.C.
        *Attorneys for Defendant*
        *George Campbell Painting Corp.*
        1345 Avenue of the Americas
        New York, New York 10105

By causing to be delivered a copy of the same by first class mail in a postage paid properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                   **STEPHANIE PAONESSA**

Sworn to before me this
27th day of June, 2008

        NOTARY PUBLIC

         M. DIANE DUSZAK
        Notary Public, State of New York
        No. 02DU5049163
        Qualified in New York County
        Commission Expires September 11, 49 2009

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.
**LAMBERT & WEISS**
*Attorneys for*

*Office and Post Office Address*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at                    M.
Dated,

Yours, etc.
**LAMBERT & WEISS**
*Attorneys for*

*Office and Post Office Address*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for

---

Index No.    08 Civ. 3403 (SCR)    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE STRUCTURAL STEEL
AND BRIDGE PAINTERS OF GREATER NEW
YORK EMPLOYEE TRUST FUNDS and TRUSTEES
OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS

Plaintiffs,

-against-

GEORGE CAMPBELL PAINTING CORP. and
FEDERAL INSURANCE COMPANY,

Defendants.

**ANSWER WITH COUNTERCLAIM
AND CROSS-CLAIMS**

Signature (Rule 130-1.1-a)

Print name beneath

**LAMBERT & WEISS**
*Attorneys for* Defendant Federal Insurance Company

*Office and Post Office Address, Telephone*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 344-3100**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

2900 – **Blumberg**Excelsior Inc., NYC 10013