UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE STRUCTURAL STEEL AND          :
BRIDGE PAINTERS OF GREATER NEW YORK           :
EMPLOYEE TRUST FUNDS and TRUSTEES OF THE      :
DISTRICT COUNCIL 9 PAINTING INDUSTRY          :
INSURANCE AND ANNUITY FUNDS,                  :

        Plaintiffs,                                 :

   v.                                            :

GEORGE CAMPBELL PAINTING CORP. and            :
FEDERAL INSURANCE COMPANY,                    :

        Defendants.                                 :
----------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,                    :

        Third-Party Plaintiff,                      :

   v.                                            :

CAMPBELL ENGINEERING SUPPORT SERVICES,        :
INC.; GEORGE CAMPBELL ASSOCIATES CORP.;       :
GEORGE CAMPBELL CONTRACTING SUPPLY            :
CORPORATION; PAINTER'S EQUIPMENT LEASING,     :
INC., GEORVAL, INC.; CAMPBELL PAINTING CORP.; :
CAMPBELL CONTRACTING SUPPLY CORP.; and        :
GREGORY E. CAMPBELL, individually and personally, :

        Third-Party Defendants.                     :
----------------------------------------------------------------------X

Case No. 08 Civ. 3403 (SCR)
(WHITE PLAINS)



**THIRD-PARTY
COMPLAINT**

      Defendant/Third-Party Plaintiff Federal Insurance Company ("Federal"), by its attorneys

Lambert & Weiss, as and for its Third-Party Complaint against the above-captioned third-party

defendants, alleges upon information and belief, as follows:

## PARTIES

    1.    At all times hereinafter mentioned, defendant/counterclaim-plaintiff/cross-

claimant/third-party plaintiff Federal was and still is a corporation organized under the laws of

the State of Indiana, maintains its principal place of business located in Warren, New Jersey, and is authorized to issue surety bonds in the State of New York ("Federal").

2.    At all times hereinafter mentioned, co-defendant/cross-claim defendant George Campbell Painting Corp. was and still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("GCPC").

3.    At all times hereinafter mentioned, third-party defendant Campbell Engineering Support Services, Inc. was and still is a Delaware corporation, maintaining its principal place of business located in the State of New York ("Campbell Engineering").

4.    At all times hereinafter mentioned, third-party defendant George Campbell Associates Corp. was and still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("GCAC").

5.    At all times hereinafter mentioned, third-party defendant George Campbell Contracting Supply Corporation was and still is a Delaware corporation, maintaining its principal place of business located in the State of New York ("GCCS").

6.    At all times hereinafter mentioned, third-party defendant Painter's Equipment Leasing, Inc. was and still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("Painter's Equipment").

7.    At all times hereinafter mentioned, third-party defendant Georval, Inc. was and/or still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("Georval").

8.    At all times hereinafter mentioned, third-party defendant Campbell Painting Corp. was and/or still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("Campbell Painting").

9.      At all times hereinafter mentioned, third-party defendant Campbell Contracting Supply Corp. was and/or still is a New York domestic business corporation, maintaining its principal place of business located in the State of New York ("Campbell Contracting").

10.     At all times hereinafter mentioned, third-party defendant Gregory E. Campbell was and still is a resident of the State of New York ("Greg Campbell").

11.     Upon information and belief, plaintiffs Trustees of the Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds were and still are organizations or entities residing in and/or maintaining their principal place of business located in the State of New York ("Plaintiffs").

## JURISDICTION AND VENUE

12.     As third-party plaintiff Federal and third-party defendants Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are citizens of different States and as the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, this Court has jurisdiction over the third-party claims pursuant to 28 U.S.C. § 1332(a).

13.     Venue of said claims is proper in this District pursuant to 28 U.S.C. § 1391.

## NATURE OF THIRD-PARTY ACTION

14.     The nature of the instant third-party action against all indemnitors is to recover under written indemnity agreements, in equity and/or at common-law in favor of third-party plaintiff Federal for all or part of the claims by Plaintiffs against Federal in the event that Federal is found liable, in whole or part, for any such claims, including, but not limited to, alleged failures by GCPC to pay the Plaintiffs purportedly due or owing fringe benefits or contributions.

**FACTUAL BACKGROUND**

15.    Federal repleads and reasserts each and every allegation contained in paragraphs "1" through "14" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

16.    Upon information and belief, cross-claim defendant GCPC entered into a contract with The Port Authority of New York and New Jersey ("Port Authority") whereby GCPC agreed to perform certain painting work ("Contract GWB-244.006") in connection with a project known as the George Washington Bridge – Removal of Lead Based Paint and Repainting Underside of the Upper Level and Structural Steel Rehabilitation (the "GWB Project").

17.    Upon information and belief, cross-claim defendant GCPC entered into a contract with the Triborough Bridge and Tunnel Authority ("TBTA") whereby GCPC agreed to perform certain painting work ("Contract HHM-314") in connection with a project known as the Henry Hudson Bridge (the "Henry Hudson Project").

18.    Subsequently, Federal, as surety, and GCPC, as principal, issued a payment bond numbered 8144-24-40 in favor of the Port Authority, as obligee or owner, with respect to Contract GWB-244.006 for the GWB Project (the "GWB Payment Bond").

19.    Federal, as surety, and GCPC, as principal, also issued a payment bond numbered 8162-79-06 in favor of the TBTA, as obligee or owner, with respect to Contract HHM-314 for the Henry Hudson Project (the "Henry Hudson Payment Bond").

20.    Plaintiffs commenced the main action against GCPC and Federal by filing a Complaint on or about April 7, 2008 (the "Complaint"). A copy of the Complaint in the main action is attached hereto as Exhibit "1".

21.    In the Complaint in the main action, Plaintiffs asserted claims against Federal

under the GWB Payment Bond and the Henry Hudson Payment Bond based on alleged defaults or failures of Federal's principal, GCPC, to pay certain alleged contributions or fringe benefits purportedly due and owing to Plaintiffs under certain labor or collective bargaining agreements.

22.    In response to the Complaint, Federal served and filed its Answer with Counterclaim and Cross-Claims, a copy of which is attached hereto as Exhibit "2", denying all the material allegations of Plaintiffs' Complaint, asserting various defenses and setoffs, and interposing a counterclaim against the Plaintiffs and cross-claims against co-defendant GCPC.

23.    On or about October 24, 1995, cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS and Georval executed a written indemnity agreement in favor of third-party plaintiff Federal that cover the claims asserted by Plaintiffs in their Complaint in the main action (the "1995 Indemnity Agreement"). Third-Party Defendants Painter's Equipment, Campbell Painting and Campbell Contracting, together with Campbell Engineering, GCAC and Georval, also executed a written indemnity agreement dated November 6, 1996 in favor of Federal, which covers the claims asserted by Plaintiffs in their Complaint in the main action (the "1996 Indemnity Agreement"). Copies of the 1995 Indemnity Agreement and 1996 Indemnity Agreement are attached hereto as Exhibit "3" and Exhibit "4", respectively.

24.    Third-Party Defendant Gregory E. Campbell, individually and personally, together with the aforesaid other third-party defendants, as indemnitors, executed a written indemnity agreement in favor of Federal on or about April 16, 2008, which covers the claims asserted by Plaintiffs in their Complaint in the main action (the "2008 Indemnity Agreement" and, together with the "1995 Indemnity Agreement" and the "1996 Indemnity Agreement, collectively, the "Indemnity Agreements"). A copy of the 2008 Indemnity Agreement is attached hereto as Exhibit "5".

25.     In the event that Federal is found liable to Plaintiffs in the main action, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies and/or defenses of Federal, cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting, and Greg Campbell (individually and personally) are, jointly and severally, liable and indebted to third-party plaintiff Federal, among other things, under the Indemnity Agreements and/or applicable New York law.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Contractual Indemnification)

26.     Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "25" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

27.     In the Complaint, the Plaintiffs in the main action alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 ("Local 806"); that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

28.     As consideration for its/their execution of the Indemnity Agreements, Federal

6

furnished and executed the Bonds on behalf of indemnitors GCPC, Campbell Engineering,

GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or

Greg Campbell with respect to Contract GWB-244.006 and/or Contract HHM-314 and/or

provided other valuable consideration to said indemnitors.

29.    By its/their terms, the Indemnity Agreements executed by said indemnitors apply

to any bonds written by Federal on behalf of GCPC, Campbell Engineering, GCAC, GCCS,

Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell.

30.    The 1995 Indemnity Agreement and 1996 Indemnity Agreement both provide in

pertinent part, as follows:

> ... Indemnitor[s] being benefited by execution and delivery of ... bonds,
> hereby agree[] that [they] will at all times jointly and severally indemnify
> and save harmless [the] Company[, Federal,] from and against any and all
> loss, damage or expense, including court costs and attorneys' fees, which it
> shall at any time incur by reason of its execution and/or delivery of said bond
> or bonds or its payment of any claim or liability thereunder ....

31.    By virtue of the 2008 Indemnity Agreement, cross-claim defendant GCPC and all

of the other indemnitors/third-party defendants agreed, among other things, jointly and severally,

to indemnify, exonerate and hold harmless Federal, in pertinent part as follows:

> 7.    Gregory E. Campbell, individually and personally, must at all times
> indemnify, hold harmless and exonerate Federal from and against any and all loss,
> damage, liability, claims, costs and/or expenses, including, without limitation, all
> court costs and attorneys' fees, expert fees and expenses, consulting fees and
> expenses and/or engineering fees and expenses, which Federal may incur at any
> and all times relating to: (a) any and all insurance required by the Contract or
> necessary to perform the Work and/or costs of furnishing such insurance; (b) any
> and all materials, equipment, fuels and/or costs of furnishing any of the foregoing
> relating to the Work, Contract and/or Project; (c) any and all representations,
> warranties, covenants, acknowledgments and/or statements made by Gregory E.
> Campbell, whether alone or together with Indemnitors, anywhere in this
> Agreement, including, without limitation, in paragraphs "2" and/or "9" hereof; (d)
> any claims and/or "Loss" arising from, relating to and/or incidental to any breach
> of, failure to meet or discharge, and/or inaccuracy contained in, any such
> representations, warranties, covenants, acknowledgments and/or statements;

and/or (c) the enforcement of this Agreement ... ; and Gregory E. Campbell, individually and personally, shall place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any "Loss" relating to any matters embraced by this paragraph. Notwithstanding anything contained in this Agreement to the contrary, <u>the Indemnitors (including Gregory E. Campbell, individually and personally) must at all times indemnify, hold harmless and exonerate Federal from and against: (i) any and all claims made or to be made by Local 806;</u> (ii) any and all claims made or to be made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies relating to the Contract, the Work and/or Project; <u>(iv) any claims made or to be made for payroll taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing.</u>...

8.     Each and every one of the Indemnitors, except for Gregory E. Campbell whose indemnity obligations in favor of Federal are set forth in paragraph "7" hereof, shall at all times jointly and severally indemnify, hold harmless and exonerate Federal from and against any and all loss, damage, liability, claims, costs and/or expenses, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of the investigation, defense and/or payment relating to any Claims, requests, the Work, the Contract, the Project, the Bonds, Other Bonds, any claims discussed herein or this Agreement, and/or by reason of entering into or enforcing this Agreement ... ; and said Indemnitors shall place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any "Loss" as defined herein. Notwithstanding anything contained in this Agreement to the contrary, <u>the Indemnitors (including Gregory E. Campbell, individually and personally) must at all times indemnify, hold harmless and exonerate Federal from and against: (i) any and all claims made or to be made by Local 806;</u> (ii) any and all claims made or to be made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies relating to the Contract, the Work and/or Project; <u>(iv) any claims made or to be made for payroll taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing.</u>...

32.     Plaintiffs have alleged in their Complaint in the main action that GCPC, Federal's principal on the Bonds, purportedly failed to pay fringe benefit contributions due and owing to Plaintiffs and to Local 806 in contravention of a collective bargaining agreement, a trust

indenture or policy and/or ERISA.

33.    By reason of the foregoing, Plaintiffs have alleged that they are entitled to recover not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursements, and attorneys' fees, for which defendant/third-party plaintiff Federal is purportedly liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond issued on behalf of cross-claim defendant GCPC.

34.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint against Federal in the main action are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies and/or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint in the main action.

35.    By virtue of the Indemnity Agreements, cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to defendant/third-party plaintiff Federal for any amounts or damages which may be awarded to the Plaintiffs in the main action and/or for such amounts that Federal may pay to Plaintiffs pursuant to the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment Bond, the Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Contractual Indemnification and/or Collateral Security)

36.    Federal repleads and reasserts each and every allegation set forth in paragraphs

9

"1" through "35" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

37.    The 1995 Indemnity Agreement and 1996 Indemnity Agreement <u>both</u> provide in pertinent part:

> ... Indemnitor[s] ... will place the [] Company[, Federal,] in funds to meet all its liability under [the] ... bonds promptly on request and before it may be required to make payment thereunder and that a voucher or other evidence of payment by [] Company[, Federal,] of any such los, damage, expense, claim, or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company[, Federal,] under this Agreement....

38.    By the 2008 Indemnity Agreement, at paragraphs "7" and "8", all of the third-party defendants/indemnitors herein agreed, among other things, jointly and severally, to "place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any 'Loss'".

39.    In the 2008 Indemnity Agreement, the term "Loss" was specifically defined as follows:

> 1.    ...
> (h)    "Loss" shall mean any and all loss, damage, liability, claims, cost and/or expense, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times and before it may make any payment thereof, by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of its investigation and/or payment relating to any Claims, requests, the Work, the Contract, Project, the Bonds, Other Bonds or this Agreement, and/or by reason of entering into or enforcing this Agreement.

40.    By virtue of the foregoing, cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are obligated, jointly and severally, to deposit with third-party plaintiff Federal, as collateral, an amount of money sufficient to protect Federal from any and all liability, losses or expenses

10

relating to the claims asserted by the Plaintiffs in at least the sum of $153,599.03, plus an award

of interest, liquidated damages, costs and disbursement, and attorneys' fees, and together with

any and all loss, liability, costs, attorneys' fees, damages, consultant or expert fees, engineering

fees, expenses and/or interest incurred or to be incurred at any all times by Federal as a result of

the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, judgments,

investigations, verdicts, damages and/or awards.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Contractual Indemnification, Discharge, Collateral and/or Specific Performance)

41.     Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "40" hereof, with the same force and effect as if each such allegation was fully set

forth here again at length.

42.     Upon information and belief, if the allegations set forth in Plaintiffs' Complaint in

the main action are upheld, subject to and without waiving any and all rights, claims, setoffs,

counterclaims, remedies and/or defenses of Federal, then defendant/third-party plaintiff Federal

may be or become liable to Plaintiffs for all or part of the sums alleged in their Complaint.

43.     The 1995 Indemnity Agreement provides in pertinent part as follows:

> … Indemnitor[s] also agree[] that [they] will, on request of the Company[,
> Federal,] promptly procure the discharge of the Company[, Federal,] from any
> bond or bond and all liability by reason thereof.  If such discharge is unattainable,
> the Indemnitor[s] will, if requested by Company[, Federal,] promptly provide a
> letter of credit to the Company[, Federal,] acceptable to Company, sufficient to
> cover all liability of the Company[, Federal,] under such bond or bonds, or
> promptly make provisions acceptable to the Company[, Federal,] for the funding
> of the bonded obligation(s).

44.     The 1995 Indemnity Agreement furnished in favor of third-party plaintiff Federal

created valid and binding specific obligations for the benefit of Federal.

45.     The explicit and unambiguous language of the 1995 Indemnity Agreement

afforded third-party plaintiff Federal unconditional rights and imposed specific obligations on

indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval, simply upon demand, to

procure the discharge of Federal under the Bonds and/or to provide a letter of credit in the full

and total amount of all potential liability of Federal under the Bonds.

46.    By virtue of the foregoing, third-party plaintiff Federal is entitled to <u>specific</u>

<u>performance</u> by indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval, of the

provisions of the 1995 Indemnity Agreement relating to said indemnitors' specific obligations to

procure the complete discharge and/or to post collateral in the form of a letter of credit in favor

of Federal to secure all potential liability and loss of Federal under the Bonds.

47.    Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC,

GCCS and Georval have failed to deposit any funds with third-party plaintiff Federal in

connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors'

obligations under the 1995 Indemnity Agreement, by law, or otherwise.

48.    Third-Party Plaintiff Federal has no adequate remedy at law.

49.    By reason of any of the foregoing, cross-claim defendant GCPC and third-party

defendants, Campbell Engineering, GCAC, GCCS and Georval, must post a letter of credit in

favor of third-party plaintiff Federal in the sum of $153,599.03, plus an additional sum of

$75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will

be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order

to comply with the 1995 Indemnity Agreement.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Quia Timet and/or Specific Performance)**

50.    Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "49" hereof, with the same force and effect as if each such allegation was fully set

12

forth here again at length.

51.     Pursuant to the terms of the Indemnity Agreements, GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) must deposit funds, money or collateral sufficient to protect Federal from any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards.

52.     Third-Party Plaintiff Federal further requests that the Court issue an order pursuant to the doctrine of quia timet requiring cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally), to place third-party plaintiff Federal with funds sufficient to satisfy the claims of Plaintiffs in the main action, together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards relating thereto.

53.     Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) have failed to deposit any funds with third-party plaintiff Federal in connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors' obligations under the Indemnity Agreements, by law, or otherwise.

13

54.    Third Party Plaintiff Federal also seeks exoneration from cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally), to indemnify, save and hold harmless and exonerate Federal from and against any and all liability to the Plaintiffs in the main action.

55.    Third-Party Plaintiff Federal has no adequate remedy at law.

56.    By reason of the foregoing, third-party plaintiff Federal is entitled to an Order of this Court compelling cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally), to exonerate and indemnify Federal in accordance with the specific terms and conditions of the Indemnity Agreements and/or in accordance with New York law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Common-Law Indemnification)

57.    Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "56" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

58.    In the Complaint, the Plaintiffs in the main action alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with Local 806; that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs

and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

59.    By virtue of the foregoing, Plaintiffs have alleged that they are entitled to recover not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursement, and attorneys' fees, for which defendant/third-party plaintiff Federal is purportedly liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond issued on behalf of cross-claim defendant GCPC.

60.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint against Federal in the main action are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies and/or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint.

61.    By reason of the foregoing, cross-claim defendant GCPC and third-party defendants, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to defendant/third-party plaintiff Federal for any amounts or damages which may be awarded to the Plaintiffs in the main action and/or for such amounts that Federal may pay to Plaintiffs pursuant to the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment Bond, the Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts,

15

damages and/or awards relating thereto.

**WHEREFORE**, defendant/third-party plaintiff Federal Insurance Company ("Federal")

respectfully requests that the Court enter Judgment, as follows:

1.     On its first cause of action over and against third-party defendants Campbell Engineering Support Services, Inc. ("Campbell Engineering"), George Campbell Associates Corp. ("GCAC"), George Campbell Contracting Supply Corporation ("GCCS"), Painter's Equipment Leasing, Inc. ("Painter's Equipment"), Georval, Inc. ("Georval"), Campbell Painting Corp. ("Campbell Painting"), Campbell Contracting Supply Corp. ("Campbell Contracting"), and Gregory E. Campbell (individually and personally) and/or cross-claim defendant George Campbell Painting Corp. ("GCPC"), jointly and severally, for any amounts which may be awarded to Plaintiffs herein, and for such amounts that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest, and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and

2.     On its second cause of action against third-party defendants Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Gregory E. Campbell (individually and personally) and/or cross-claim defendant GCPC, jointly and severally, requiring said indemnitors to deposit funds with Federal, as collateral, in an amount of money sufficient to protect Federal from all losses or expenses in at least the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursement, and attorneys' fees, and together with any and all loss, liability costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and

3.     On the its third cause of action against third-party defendants Campbell Engineering, GCAC, GCCS and Georval and/or cross-claim defendant GCPC, jointly and severally, compelling said indemnitors to post collateral security in the form of a letter of credit in favor of third-party plaintiff Federal Insurance Company in the sum of $153,599.03, plus an additional sum of $75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order to comply with the 1995 Indemnity Agreement; and

4.     On its fourth cause of action against third-party defendants Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Gregory E. Campbell (individually and personally) and/or cross-claim defendant GCPC, jointly and severally, compelling said indemnitors to exonerate and indemnify Federal pursuant to the terms of the Indemnity Agreements and/or in accordance with New York law; and

5.    On its fifth cause of action over and against third-party defendants Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Gregory E. Campbell (individually and personally) and/or cross-claim defendant GCPC, jointly and severally, for any amounts which may be awarded to Plaintiffs herein, and for such amounts that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest, and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and/or

6.    Granting defendant/third-party plaintiff Federal such other and further relief as the Court may deem just, proper and/or equitable.

Dated: New York, New York
       July 1, 2008

                                        LAMBERT & WEISS
                                        Attorneys for Defendant/Third-Party
                                            Plaintiff Federal Insurance Company

                               By:      _____
                                        MONROE WEISS (MW 9146)
                                        61 Broadway, Suite 2020
                                        New York, New York  10006
                                        (212) 344-3100

TO:    Michael E. Greene, Esq.
       ROBINSON BROG LEINWAND GREENE
          GENOVESE & GLUCK P.C.
       Attorneys for Defendant/Cross-Claim Defendant George Campbell
          Painting Corp. and Third-Party Defendants Campbell Engineering
          Support Services, Inc., George Campbell Associates Corp., George
          Campbell Contracting Supply Corporation, Painter's Equipment Leasing,
          Inc., Georval, Inc., Campbell Painting Corp., Campbell Contracting Supply
          Corp., and Gregory E. Campbell, individually and personally
       1345 Avenue of the Americas
       New York, New York 10105
       (212) 603-6360

       Dana L. Henke, Esq.
       BARNES, IACCARINO, VIRGINIA,
          AMBINDER & SHEPHERD, PLLC
       Attorneys for Plaintiffs Trustees of the
          Structural Steel & Bridge Painters of
          Greater New York Employee Trust Funds

17

and Trustees of the District Council 9
  Painting Industry Insurance & Annuity Funds
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

# EXHIBIT "1"



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED

APR 0 7 2008

USDC WP SDNY

TRUSTEES OF THE STRUCTURAL STEEL AND )
BRIDGE PAINTERS OF GREATER NEW YORK )
EMPLOYEE TRUST FUNDS AND TRUSTEES OF )
THE DISTRICT COUNCIL 9 PAINTING INDUSTRY )
INSURANCE AND ANNUITY FUNDS, )

Index No.:

COMPLAINT

Plaintiffs, )

-against-

GEORGE CAMPBELL PAINTING CORP. AND )
FEDERAL INSURANCE COMPANY, )

Defendants. )

08 CIV. 3403

JUDGE ROBINSON

Plaintiffs, Trustees of the Structural Steel and Bridge Painters of Greater New York Employee

Trust Funds and Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds

(hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder &

Shepherd, PLLC allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations

Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter

referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C.

Section 185) and Sections 502(e)(1) and 502(f) of E RISA (29 U.S.C. Sections 1132(e)(1) and 1132(f));

and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer and the Sureties of specific statutory and contractual obligations to submit the required monetary contributions and dues check-off to the Plaintiffs in a timely fashion.

5. The Funds also bring this action under Section 137 of the New York State Finance Law and to enforce a bond agreement against the Sureties. The bond issued by the Sureties guaranteed, among other provision, to remit fringe benefits to the Funds obligated by the Employer.

## PARTIES

6. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

7. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "Agreement") between the Employer and the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 (hereinafter referred to as the "Union"). The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

8. The Funds' maintain an office for the transaction of business at 14 Saw Mill River Road, Hawthorne, NY, 10532, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. Upon information and belief, the defendant, George Campbell Painting Corp. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer was and is a for-profit domestic corporation with its principal place of business at 31-40 College Point Boulevard, Flushing, New York 11354, in the County of Queens.

12. Upon information and belief, Federal Insurance Company (hereinafter referred to as the "Surety") is an insurance companies duly authorized and licensed to issue insurance policies under the laws of the State of New York and having places of business at 15 Mountain View Road, Warren, NJ 07061.

### CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST DEFENDANTS GEROGE CAMPBELL PAINTING
### AND FEDERAL INSURANCE COMPANY

13. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

14. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

15. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds and Union from the Employer fringe benefit contributions.

16. The Employer has failed and refused to remit to the Funds and Union the fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures and Policy for the projects known as the George Washington Bridge Project, Contract No.: GWB-244.006 for the period July 2006 through August 2007 in the minimum amount of $148,115.03 in contributions and Henry Hudson Bridge Project, Contract No. HHM-314 for the period August 2006 in the minimum

amount of $5,484.00 in contributions (hereinafter referred to as the "Projects") plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

17. The Employer as a material condition precedent to being awarded the Projects, executed and the Surety provided bonds, bearing Bond Nos.: 8162-79-06 and 8144-24-40.; The bonds stated, in relevant part to this action, to guarantee payment of fringe benefit contributions for all labor used in the performance of the Project.

18. That bond is required to meet or mirror all the statutory requirements of New York State Finance Law Section 137. To the extent that the bond does not meet or mirror the statutory requirements of New York State Finance Law Section 137, Section 137 governs the Sureties' liability.

19. On or about February 27, 2007 written request was sent to the Surety and Employer/General Contractor requesting payment of the fringe benefit contributions in connection with the Projects.

20. The Sureties by their failure to pay on the Bond has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

21. This action is timely under New York State Finance Law Section 137.

22. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

23. Pursuant to the Agreement leave upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 10% of the delinquent contributions. In addition if enforcement or

collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

24. Accordingly, pursuant to the Agreement the Employer and the Surety are liable to Plaintiffs in the minimum amount of $153,599.03 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST DEFENDANTS GEROGE CAMPBELL PAINTING
### AND FEDERAL INSURANCE COMPANY

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" of this Complaint as if fully set forth at length herein.

26. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

27. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

28. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

29. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

30. Accordingly, the Employer and the Surety are liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

31. Accordingly, the Employer and Surety are liable to the Funds in the minimum principal amount of $153,599.03, plus liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "31" of this Complaint as if fully set forth at length herein.

33. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds from the Employer contributions reports and trust fund contributions.

34. The Employer has failed and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the Agreement for the period January 1, 2005 through to and including December 31, 2006 in the minimum amount of $650,365.84.

35. These amounts described in paragraph 34 above are due and owing to the Funds and are based upon an audit that was conducted by the Funds' Auditors. These amounts also include a portion of the monies described in the First and Second Claims for Relief.

36. The Employer's failure, refusal or neglect to remit the proper contributions, reports to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

37. Pursuant to the Agreement leave upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 10% of the delinquent contributions. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

38. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs in the minimum amount of $650,365.84 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, auditor fees, court costs and disbursements.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "38" of this Complaint as if set forth at length herein.

40. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

41. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

42. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the

court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory

damages and interest on the unpaid principal amount due both computed at a rate set forth in the United

States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs

and disbursements incurred in the action.

      43. The failure to pay has injured the Funds by delaying the investment of contributions and

causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries

and other contributing employers of the benefit plan in the form of lower benefits and higher contribution

amounts.

      44. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture

concerning the payment of fringe benefit contributions and late charges under Sections 502 and 515 of

ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

      45. Accordingly, the Employer is liable to the Funds in the minimum principal amount of

$650,365.84, plus liquidated damages, interest, attorneys' fees, court costs and disbursements

pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.**

      46. Pursuant to ERISA, the Agreement and/or Trust Indenture, the Employer is required to timely

submit current fringe benefit contributions, and reports to plaintiffs.

      47. Upon information and belief, the Employer has in the past failed to timely submit current

fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory

obligations under ERISA, the Agreement and Trust Indenture.

      48. During the course of the instant action, additional contributions and/or delinquency

charges may become due and owing. If defendant fails to pay the contributions and/or delinquency

charges, as part of this action, at the time of trial or judgment, whichever is later, those additional

amounts should be included.

WHEREFORE, Plaintiffs respectfully pray for Judgment as follows:

On the First and Second Claims for Relief against Defendants George Campbell Painting Corp. and Federal Insurance Company :

    (a) In the minimum sum of $153,599.03 representing benefit fund contributions for the Projects, plus interest, liquidated damages, court costs and disbursements and reasonable attorney's fees all in accordance with the Collective Bargaining Agreement and the Fund Policies for collection of delinquent contributions

On the Third and Fourth Claims for Relief against Defendant George Campbell Painting Corp.

    (b) In the minimum sum of $650,365.84 representing benefit fund contributions owed for the audit period January 1, 2005 through December 31, 2006, plus interest, liquidated damages, attorneys fees, auditor fees, court costs and disbursements all in accordance with the Collective Bargaining Agreement.

On the Fifth Claim for Relief against Defendant George Campbell Painting Corp.:

    (c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

    (d) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
      April 3, 2008

                      Respectfully submitted,

                      BARNES, IACCARINO, VIRGINIA,
                      AMBINDER & SHEPHERD, PLLC

                      Dana L. Henke (DLH3025)
                      Attorneys for Plaintiffs
                      258 Saw Mill River Road
                      Elmsford, New York 10523
                      (914) 592-1515

17 /17

05-01-2008

03:26:58 p.m.

EZO

973 360 6842

## ATTORNEY'S CERTIFICATION

STATE OF NEW YORK, COUNTY OF

The undersigned, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to Section 2105 CPLR, that I have compared the within

with the original and have found it to be a true and complete copy thereof.
Dated:                                         20

........................................................
Type or Print Name Below Signature

### NOTICE OF ENTRY OR SETTLEMENT
[Check and complete appropriate box and section]

Sir(s):

PLEASE TAKE NOTICE that a

of which the within is a (true) (certified) copy

☐ NOTICE OF ENTRY
was duly entered in the within named court
on                                         20

☐ NOTICE OF SETTLEMENT
will be presented for settlement to the Hon.
one of the judges of the within named court at the
Courthouse at
on                                         20
at               o'clock          M.
Dated:                                     20

Yours, etc.,

**BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

*Attorney(s) for*

*Office and Post Office Address*
258 SAW MILL RIVER ROAD
ELMSFORD, NEW YORK 10523
(914) 592-1515
FAX (914) 592-3213

*To*

*Attorney(s) for*

---

Index No.                    Year **20** 08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE STRUCTURAL STEEL
AND BRIDGE PAINTERS, et al.,

Plaintiffs,

-against-

GEORGE CAMPBELL PAINTING CORP.
AND FEDERAL INSURANCE COMPANY,

Defendant.

COMPLAINT

**BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

*Attorney(s) for* Plaintiffs

*Office and Post Office Address*
258 SAW MILL RIVER ROAD
ELMSFORD, NEW YORK 10523
(914) 592-1515
FAX (914) 592-3213

*To*

*Attorney(s) for*

---

## ADMISSION OF SERVICE

The undersigned acknowledges receipt of a the within

on                                         2(
at               o'clock          M.

....................................................
*Attorney(s) for*

by: ...............................................

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK
COUNTY OF

being sworn
I am not a party to this action; I am over 18
of age; I reside at

On                    20         I
the within

upon

the attorney(s) for

action, at

the address designated by said attorney(s) for
purpose by depositing a true copy of same en
in a postpaid, properly addressed wrapper,
official depository under the exclusive car
custody of the United States Postal Service
the State of New York.

......................................................
Type or Print Name Below Signature

Sworn to before me
this            day of                    20

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X    Case No. 08 Civ. 3403 (SCR)
TRUSTEES OF THE STRUCTURAL STEEL AND          :    (WHITE PLAINS)
BRIDGE PAINTERS OF GREATER NEW YORK           :
EMPLOYEE TRUST FUNDS and TRUSTEES OF THE      :
DISTRICT COUNCIL 9 PAINTING INDUSTRY          :
INSURANCE AND ANNUITY FUNDS,                  :
                                              :
                    Plaintiffs,               :
                                              :
        v.                                    :
                                              :
GEORGE CAMPBELL PAINTING CORP. and            :    **ANSWER WITH**
FEDERAL INSURANCE COMPANY,                     :    **COUNTERCLAIM**
                                              :    **AND CROSS-CLAIMS**
                    Defendants.               :
------------------------------------------------------------------X

        Defendant Federal Insurance Company ("Federal"), by its attorneys Lambert & Weiss, as

and for its Answer with Counterclaim and Cross-Claims in response to the Complaint in the

above-captioned action, states upon information and belief, as follows:

### AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

        1.      Denies each and every allegation contained in paragraph "1" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

        2.      Denies each and every allegation contained in paragraph "2" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

        3.      Denies each and every allegation contained in paragraph "3" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all

applicable law.

        4.      Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "4" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts, agreements, or surety bonds allegedly at issue.

5.  Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "5" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any legal conclusions or interpretations, as well as refers the Court to the subject surety bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein.

## AS AND FOR AN ANSWER TO "PARTIES"

6.  Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "6" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

7.  Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "7" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

8.  Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "8" of plaintiffs' Complaint as against defendant Federal.

9.  Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "9" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law.

10.  Denies any knowledge or information sufficient to form a belief as to any of the

2

allegations contained in paragraph "10" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law.

11.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "11" of plaintiffs' Complaint as against defendant Federal,
except has no reason to dispute the allegation solely to the extent that co-defendant George
Campbell Painting Corp. ("GCPC") was and is a New York domestic business corporation
maintaining an office for the transaction of business in the State of New York.

12.    Denies each and every allegation contained in paragraph "12" of plaintiffs'
Complaint, except admits that Federal is a corporation organized under the laws of the State of
Indiana, maintains its principal place of business located at 15 Mountain View Road, Warren,
New Jersey, and is authorized to issue surety bonds in the State of New York.

## AS AND FOR AN ANSWER TO "CAUSES FOR RELIEF" AND AS AND FOR AN ANSWER TO A "FIRST CLAIM FOR RELIEF" AGAINST DEFENDANTS GEORGE CAMPBELL PAINTING AND FEDERAL INSURANCE COMPANY

13.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "13" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law and/or any applicable
contracts or agreements.

14.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "14" of plaintiffs' Complaint as against defendant Federal,
and Federal respectfully defers to the Court as to all applicable law and/or any applicable
contracts or agreements.

15.    Denies any knowledge or information sufficient to form a belief as to any of the
allegations contained in paragraph "15" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

16.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "16" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable contracts or agreements.

17.    Denies each and every allegation contained in paragraph "17" of plaintiffs' Complaint as against defendant Federal, except admits that: Federal, as surety, and GCPC, as principal, issued a payment bond numbered 8162-79-06 (the "Henry Hudson Payment Bond") in favor of the Triborough Bridge and Tunnel Authority ("TBTA") with respect to GCPC's Contract HHM-314 with the TBTA to perform certain painting work ("Contract HHM-314") for a project known as the Henry Hudson Bridge (the "Henry Hudson Project"); and Federal, as surety, and GCPC, as principal, issued a payment bond numbered 8144-24-40 (the "GWB Payment Bond" and, together with the "Henry Hudson Payment Bond", collectively, the "Bonds") in favor of The Port Authority of New York and New Jersey ("Port Authority") with respect to GCPC's Contract GWB-244.006 with the Port Authority to perform certain painting work ("Contract GWB-244.006") for a project known as the George Washington Bridge – Removal of Lead Based Paint and Repainting Underside of the Upper Level and Structural Steel Rehabilitation (the "GWB Project"). Federal respectfully refers the Court to Contract HHM-314, Contract GWB-244.006 and the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

18.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "18" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any legal conclusions or interpretations, as well as refers the Court to § 137 of New York State Finance law and to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein.

19.    Denies each and every allegation contained in paragraph "19" of plaintiffs' Complaint as against defendant Federal, except admits that Federal received a letter dated February 27, 2007 from counsel for Structural Steel and Bridge Painters of Greater New York Local 806 Funds ("Local 806") purporting to make a claim solely on the GWB Payment Bond with respect to the GWB Project only and in an alleged sum well below the amount claimed herein, and Federal respectfully refers the Court to that letter, to Contract GWB-244.006, to Contract HHM-314 and/or to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

20.    Denies each and every allegation contained in paragraph "20" of plaintiffs' Complaint.

21.    Denies each and every allegation contained in paragraph "21" of plaintiffs' Complaint.

22.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "22" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable agreements or contracts.

23.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "23" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully defers to the Court as to all applicable law and/or any applicable

agreements or contracts.

24.    Denies each and every allegation contained in paragraph "24" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds,

and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations

contained therein, as well as to all applicable law.

## AS AND FOR AN ANSWER TO A "SECOND CLAIM FOR RELIEF" AGAINST DEFENDANTS GEORGE CAMPBELL PAINTING AND FEDERAL INSURANCE CO.

25.    Federal repleads and reasserts with respect to paragraph "25" of plaintiff's

Complaint each and every matter set forth above with the same force and effect as if each such

matter was fully set forth here again at length.

26.    Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "26" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any applicable

agreements or contracts.

27.    Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "27" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable.

28.    Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "28" of plaintiffs' Complaint as against defendant Federal,

and Federal respectfully defers to the Court as to all applicable law and/or any applicable

agreements or contracts.

29.    Denies each and every allegation contained in paragraph "29" of plaintiffs'

Complaint as against defendant Federal.

30.    Denies each and every allegation contained in paragraph "30" of plaintiffs'

Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

31.     Denies each and every allegation contained in paragraph "31" of plaintiffs' Complaint as against defendant Federal, and Federal respectfully refers the Court to the Bonds and all of the terms, provisions, conditions, definitions, conditions precedent and/or limitations contained therein, as well as to all applicable law.

### AS AND FOR AN ANSWER TO A "THIRD CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

32.     Federal repleads and reasserts with respect to paragraph "32" of plaintiff's Complaint each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

33.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "33" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

34.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "34" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

35.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "35" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

7

36.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "36" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

37.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "37" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

38.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "38" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "third claim for relief" has not been made or asserted as against Federal.

### AS AND FOR AN ANSWER TO A "FOURTH CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

39.     Federal repleads and reasserts with respect to paragraph "39" of plaintiff's Complaint each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

40.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "40" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

41.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "41" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as

8

against Federal.

42.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "42" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

43.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "43" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

44.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "44" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

45.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "45" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fourth claim for relief" has not been made or asserted as against Federal.

### AS AND FOR AN ANSWER TO A "FIFTH CLAIM FOR RELIEF" AGAINST DEFENDANT GEORGE CAMPBELL PAINTING CORP.

46.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "46" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

47.     Denies any knowledge or information sufficient to form a belief as to any of the

allegations contained in paragraph "47" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

48.     Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph "48" of plaintiffs' Complaint, and Federal respectfully refers the Court to the fact that Plaintiffs' "fifth claim for relief" has not been made or asserted as against Federal.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49.     Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

50.     This Court lacks subject-matter jurisdiction for any action or claim by the plaintiffs as against defendant Federal.

51.     The statues that the plaintiffs referenced in the Complaint fail to provide any ground for this Court to exercise its subject-matter jurisdiction based on any federal question or otherwise to invoke this Court's jurisdiction in an action by plaintiffs against defendant Federal.

52.     Plaintiffs also have made no allegations warranting this Court to exercise federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

53.     Upon information and belief, the plaintiffs, which admittedly reside in the State of New York where defendant GCPC admittedly resides as well, cannot meet their burden to establish that "complete" diversity of citizenship exists between the plaintiffs, on one hand, and the defendants, on the other hand.

54.     By reason of any of the foregoing, plaintiffs' Complaint as against defendant Federal must be dismissed in all respects.

10

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

56.    Federal, as a surety, furnishing with its principal, GCPC, payment bonds governed by state surety law in New York, is not an "employer" under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145.

57.    As a surety, Federal is not itself directly obligated under the terms of any collective bargaining agreement, union agreement, labor agreement and/or any other agreement or contract referenced in plaintiffs' Complaint (other than the Bonds) and, thereby, Federal has no duties or obligations under any such agreements or contracts.

58.    Federal's obligations, if any at all, arise under the terms, conditions, provisions, definitions, conditions precedent and/or limitations contained in the GWB Payment Bond and/or the Henry Hudson Payment Bond.

59.    Any claims by plaintiffs under the GWB Payment Bond and/or the Henry Hudson Payment Bond are limited to state surety law, and do not present any substantial federal question.

60.    Plaintiffs lack standing to bring any of the claims set forth in their Complaint and/or to maintain the instant action as against defendant Federal.

61.    By reason of any of the foregoing, the plaintiffs have failed to invoke the subject-matter jurisdiction of this Court and, thereby, plaintiffs' Complaint must be dismissed in its entirety.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

11

63.    Upon information and belief, the plaintiffs' instant action against defendant

Federal under the GWB Payment Bond is untimely.

64.    Section 137 of New York State Finance Law, upon which plaintiffs have relied in

their instant action, provides in pertinent part:

> 4.    * * *
> (b) ... no action on a payment bond furnished pursuant to this section
> shall be commenced after the expiration of one year from the date on
> which final payment under the claimant's subcontract became due. ...

65.    Upon information and belief, Contract GWB-244.006 was completed in July 2003

and accepted by the Port Authority in or around Fall 2003.

66.    Accordingly, the plaintiffs' instant action filed with the Court on or about April 7,

2008 was not commenced on the GWB Payment Bond within one (1) year from the date when

final payment became due to plaintiffs and/or to any of the purported beneficiaries for whom the

plaintiffs allege to represent in the instant action relating to the GWB Project, which, upon

information and belief, was on or about July 2003.

67.    By reason of any of the foregoing, the plaintiffs' instant action against defendant

Federal on the GWB Payment Bond is time barred pursuant to § 137 of New York State Finance

Law and, thereby, plaintiffs' Complaint and/or claims or causes of action for relief on the GWB

Payment Bond must be dismissed as against defendant Federal in all respects.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68.    Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

69.    Upon information and belief, the plaintiffs' instant action against defendant

Federal under the Henry Hudson Payment Bond is untimely.

70.    Section 137 of New York State Finance Law, upon which plaintiffs have relied in

their instant action, provides in pertinent part:

> 4.     * * *
> (b) ... no action on a payment bond furnished pursuant to this section
> shall be commenced after the expiration of one year from the date on
> which final payment under the claimant's subcontract became due. ...

71.     Upon information and belief, the plaintiffs' instant action filed with the Court on

or about April 7, 2008 was not commenced on the Henry Hudson Payment Bond within one (1)

year from the date when final payment became due to plaintiffs and/or to any of the purported

beneficiaries for whom the plaintiffs allege to represent in the instant action relating to the Henry

Hudson Project.

72.     By reason of any of the foregoing, the plaintiffs' instant action against defendant

Federal on the Henry Hudson Payment Bond is time barred pursuant to § 137 of New York State

Finance Law and, thereby, plaintiffs' Complaint and/or claims or causes of action for relief on

the Henry Hudson Payment Bond must be dismissed as against defendant Federal in all respects.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73.     Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

74.     Upon information and belief, Contract GWB-244.006 and/or the GWB Project

were completed in July 2003 and accepted by the Port Authority in or around Fall 2003.

75.     Upon information and belief, all fringe benefits or contributions properly due or

owing to plaintiffs and/or to the beneficiaries for whom the plaintiffs allege to represent in the

instant action relating to the completed Contract GWB-244.006 have been paid by GCPC.

76.     By reason of any of the foregoing, Federal has no liability under the GWB

Payment Bond, no obligation has arisen on the part of Federal under the GWB Payment Bond

and/or plaintiffs are not entitled to any relief demanded against Federal relating to the GWB

Project.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

78.    Plaintiffs are neither proper claimants nor obligees under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

79.    Plaintiffs lack standing to bring any of the claims set forth in their Complaint and/or to maintain the instant action as against defendant Federal.

80.    By reason of any of the foregoing, Federal has no liability to plaintiffs and/or the plaintiffs are not entitled to any recovery demanded against Federal in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

82.    Upon information and belief, the plaintiffs included in their instant action against Federal alleged fringe benefits or contributions relating to contracts or projects on which defendant Federal never issued any surety bond, let alone any surety bond on behalf of GCPC.

83.    Plaintiffs, upon information and belief, have further failed to reduce or deduct payments it/they have received from GCPC or otherwise relating to the Contract GWB-244.006, GWB Project, Contract HHM-314 and/or the Henry Hudson Bridge Project.

84.    Plaintiffs, upon information and belief, exaggerated, overstated, misstated and/or otherwise inaccurately set forth the purported amounts due or owing, if any at all, for alleged fringe benefits or contributions for which Federal is purportedly responsible under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

85.    Accordingly, the plaintiffs are estopped and/or barred from recovering for any

part or all of plaintiffs' alleged claims on the GWB Payment Bond and/or the Henry Hudson

Payment Bond, as a consequence of their aforesaid exaggeration, overstatement, misstatement

and/or otherwise inaccurate portrayal of the purported amounts due or owing to it.

86.    By reason of any of the foregoing, plaintiffs' Complaint must be dismissed in all

respects.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

87.    Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

88.    Plaintiffs do not have "lawful" and/or "just" claims under the GWB Payment

Bond and/or the Henry Hudson Payment Bond issued by Federal and, thereby, the plaintiffs

cannot establish an express condition precedent to its/their rights to bring any action or to

recover under the aforesaid payment bonds.

89.    By reason of any of the foregoing, plaintiffs' Complaint must be dismissed in all

respects.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND AS A SETOFF**

90.    Federal repleads and reasserts each and every matter set forth above with the

same force and effect as if each such matter was fully set forth here again at length.

91.    To the extent that the plaintiffs have received payments under, or attributable to,

Contract GWB-244.006, Contract HHM-314 and/or any fringe benefit bond issued to cover any

obligations of GCPC (including, without limitation, Liberty Mutual's fringe benefit bond),

whether directly or by way of setoff, recoupment or otherwise, and/or to the extent that plaintiffs

hold collateral in any form, then Federal is entitled to an appropriate credit against any and all

15

sums allegedly due and owing to plaintiffs, if any at all, to the full extent of such payments, setoffs and/or collateral.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

92.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

93.    On its/their face, the GWB Payment Bond and/or the Henry Hudson Payment Bond do not cover any alleged "interest", "liquidated damages", "attorneys' fees" and/or "costs" as alleged by the plaintiffs in this action.

94.    By reason of the foregoing, the plaintiffs are not entitled to any "interest", "liquidated damages", "attorneys' fees" and/or "costs" against Federal as demanded in the instant action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

96.    Federal's liability, if any at all, under the GWB Payment Bond and/or the Henry Hudson Payment Bond is limited to each penal sum of each such bond. If the total claims by plaintiffs and/or others under the GWB Payment Bond and/or the Henry Hudson Payment Bond exceed the aforesaid penal sum or sums, Federal's liability, if any at all, is limited to the pro rata share of the penal sum or sums as to this claim and/or other claims under the aforesaid bonds.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
## AND AS A SETOFF AND COUNTERCLAIM

97.    Federal repleads and reasserts each and every matter set forth above with the same force and effect as if each such matter was fully set forth here again at length.

98.    Upon information and belief, the plaintiffs included in their instant action against

16

Federal alleged fringe benefits or contributions relating to contracts or projects on which defendant Federal never issued any surety bond, let alone any surety bond on behalf of GCPC.

99.    Plaintiffs, upon information and belief, have further failed to reduce or deduct payments it/they have received from GCPC or otherwise relating to the Contract GWB-244.006, GWB Project, Contract HHM-314 and/or the Henry Hudson Bridge Project.

100.    Plaintiffs, upon information and belief, exaggerated, overstated, misstated and/or otherwise inaccurately set forth the purported amounts due or owing, if any at all, for alleged fringe benefits or contributions for which Federal is purportedly responsible under the GWB Payment Bond and/or the Henry Hudson Payment Bond.

101.    In addition, there is absolutely no basis in fact or law for any claim against Federal under ERISA.

102.    Accordingly, some or all of the claims and/or the amounts thereof asserted by the plaintiffs in this action is or are without substantial basis in fact or law.

103.    By reason of any of the foregoing, the plaintiffs cannot maintain their action against Federal and/or this Court should award Federal its attorneys' fees relating to plaintiffs' claims and this action pursuant to § 137(4)(c) of New York State Finance Law.

## CROSS-CLAIMS

1.    At all times hereinafter mentioned, defendant/cross-claimant Federal was and still is a corporation organized under the laws of the State of Indiana, maintains its principal place of business located in Warren, New Jersey, and is authorized to issue surety bonds in the State of New York ("Federal").

2.    At all times hereinafter mentioned, co-defendant/cross-claim defendant George Campbell Painting Corp. was and still is a New York domestic business corporation, maintaining

17

its principal place of business located in the State of New York ("GCPC").

3.      Upon information and belief, plaintiffs Trustees of the Structural Steel and Bridge
Painters of Greater New York Employee Trust Funds and Trustees of the District Council 9
Painting Industry Insurance and Annuity Funds were and still are organizations or entities
residing in and/or maintaining their principal place of business located in the State of New York
("Plaintiffs").

## Jurisdiction and Venue

4.      As cross-claimant Federal and cross-claim defendant GCPC are citizens of
different States and as the matter in controversy exceeds, exclusive of interest and costs, the sum
of $75,000, this Court has jurisdiction over the cross-claims pursuant to 28 U.S.C. § 1332(a).

5.      Venue of the cross-claims is proper in this District pursuant to 28 U.S.C. § 1391.

## Nature of the Cross-Claims

6.      The nature of the instant cross-claims against co-defendant GCPC are to recover
under written indemnity agreements, in equity and/or at common-law in favor of cross-claimant
Federal for all or part of the claims by Plaintiffs against Federal in the event that Federal is found
liable, in whole or in part, for any such claims by Plaintiffs, including, but not limited to, alleged
failures by GCPC to pay the Plaintiffs purportedly due or owing fringe benefits or contributions.

## Factual Background

7.      Federal repleads and reasserts each and every allegation set forth in paragraphs
"1" through "6" hereof, with the same force and effect as if each such allegation was fully set
forth here again at length.

8.      Upon information and belief, GCPC entered into a contract with The Port
Authority of New York and New Jersey ("Port Authority") whereby GCPC agreed to perform

18

certain painting work ("Contract GWB-244.006") in connection with a project known as the

George Washington Bridge – Removal of Lead Based Paint and Repainting Underside of

the Upper Level and Structural Steel Rehabilitation (the "GWB Project").

9.      Upon information and belief, GCPC entered into a contract with the Triborough

Bridge and Tunnel Authority ("TBTA") whereby GCPC agreed to perform certain painting work

("Contract HHM-314") in connection with a project known as the Henry Hudson Bridge (the

"Henry Hudson Project").

10.     Subsequently, Federal, as surety, and GCPC, as principal, issued a payment bond

numbered 8144-24-40 in favor of the Port Authority, as obligee or owner, with respect to

Contract GWB-244.006 for the GWB Project (the "GWB Payment Bond").

11.     Federal, as surety, and GCPC, as principal, also issued a payment bond numbered

8162-79-06 in favor of the TBTA, as obligee or owner, with respect to Contract HHM-314 for

the Henry Hudson Project (the "Henry Hudson Payment Bond").

12.     Plaintiffs commenced this action against GCPC and Federal by filing a Complaint

on or about April 7, 2008 (the "Complaint").

13.     In the Complaint, Plaintiffs asserted claims against Federal under the GWB

Payment Bond and the Henry Hudson Payment Bond based on alleged defaults or failures of

Federal's principal, GCPC, to pay certain alleged contributions or fringe benefits purportedly due

and owing to Plaintiffs under certain labor or collective bargaining agreements.

14.     In response to the Complaint, Federal served and filed the instant Answer with

Counterclaim and Cross-Claims, denying all the material allegations of Plaintiffs' Complaint,

asserting various defenses and setoffs, and interposing a counterclaim against the Plaintiffs.

15.     On or about October 24, 1995, cross-claim defendant GCPC and the other

19

indemnitors, Campbell Engineering Support Services, Inc. ("Campbell Engineering"), George

Campbell Associates Corp. ("GCAC"), George Campbell Contracting Supply Corporation

("GCCS") and Georval, Inc. ("Georval"), executed a written indemnity agreement in favor of

defendant/cross-claimant Federal that cover the claims asserted by Plaintiffs in their Complaint

(the "1995 Indemnity Agreement"). Indemnitors Painter's Equipment Leasing, Inc. ("Painter's

Equipment"), Campbell Painting and Campbell Contracting, together with indemnitors Campbell

Engineering, GCAC and Georval, also executed a written indemnity dated November 6, 1996 in

favor of Federal, which covers the claims asserted by Plaintiffs in their Complaint (the "1996

Indemnity Agreement").

16.     Gregory E. Campbell, individually and personally ("Greg Campbell"), together

with the aforesaid other indemnitors, executed a written indemnity agreement in favor of Federal

on or about April 30, 2008, which covers the claims asserted by Plaintiffs in their Complaint (the

"2008 Indemnity Agreement" and, together with the "1995 Indemnity Agreement" and the "1996

Indemnity Agreement, collectively, the "Indemnity Agreements").

17.     In the event that Federal is found liable to Plaintiffs, subject to and without

waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, cross-

claim defendant GCPC, together with the other indemnitors Campbell Engineering, GCAC,

GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting, and Greg

Campbell (individually and personally) are, jointly and severally, liable and indebted to

defendant/cross-claimant Federal, among other things, under the Indemnity Agreements and/or

applicable New York law.

### AS AND FOR A FIRST CROSS-CLAIM
#### (Contractual Indemnification)

18.     Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "17" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

19.    In the Complaint, the Plaintiffs alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 ("Local 806"); that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

20.    As consideration for its/their execution of the Indemnity Agreements, Federal furnished, procured, continued and/or executed the Bonds on behalf of cross-claim defendant GCPC and/or the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell, with respect to Contract GWB-244.006 and/or Contract HHM-314.

21.    By its/their terms, the Indemnity Agreements executed by said indemnitors apply to any bonds written by Federal on behalf of cross-claim defendant GCPC and/or the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell.

22.    The 1995 Indemnity Agreement and 1996 Indemnity Agreement both provide in

21

pertinent part, as follows:

> ... Indemnitor[s] being benefited by execution and delivery of ... bonds,
> hereby agree[] that [they] will at all times jointly and severally indemnify
> and save harmless [the] Company[, Federal,] from and against any and all
> loss, damage or expense, including court costs and attorneys' fees, which it
> shall at any time incur by reason of its execution and/or delivery of said bond
> or bonds or its payment of any claim or liability thereunder ....

23.    By virtue of the 2008 Indemnity Agreement, cross-claim defendant GCPC and all

of the other indemnitors agreed, among other things, jointly and severally, to indemnify,

exonerate and hold harmless Federal, in pertinent part as follows:

> 7.    Gregory E. Campbell, individually and personally, must at all times
> indemnify, hold harmless and exonerate Federal from and against any and all loss,
> damage, liability, claims, costs and/or expenses, including, without limitation, all
> court costs and attorneys' fees, expert fees and expenses, consulting fees and
> expenses and/or engineering fees and expenses, which Federal may incur at any
> and all times relating to: (a) any and all insurance required by the Contract or
> necessary to perform the Work and/or costs of furnishing such insurance; (b) any
> and all materials, equipment, fuels and/or costs of furnishing any of the foregoing
> relating to the Work, Contract and/or Project; (c) any and all representations,
> warranties, covenants, acknowledgments and/or statements made by Gregory E.
> Campbell, whether alone or together with Indemnitors, anywhere in this
> Agreement, including, without limitation, in paragraphs "2" and/or "9" hereof; (d)
> any claims and/or "Loss" arising from, relating to and/or incidental to any breach
> of, failure to meet or discharge, and/or inaccuracy contained in, any such
> representations, warranties, covenants, acknowledgments and/or statements;
> and/or (e) the enforcement of this Agreement ... ; and Gregory E. Campbell,
> individually and personally, shall place Federal in funds promptly, on request, and
> before Federal may be required to make any payment of or incurs any "Loss"
> relating to any matters embraced by this paragraph. Notwithstanding anything
> contained in this Agreement to the contrary, the Indemnitors (including Gregory
> E. Campbell, individually and personally) must at all times indemnify, hold
> harmless and exonerate Federal from and against: (i) any and all claims made or
> to be made by Local 806; (ii) any and all claims made or to be made by Vista
> Engineering; (iii) any claims for work, materials, equipment, labor, or supplies
> relating to the Contract, the Work and/or Project; (iv) any claims made or to be
> made for payroll taxes and/or union benefits relating to the Contract, the Work
> and/or Project; and/or (v) any and all "Loss" as defined herein, including, without
> limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or
> settlement amounts, relating to any of the foregoing....

> 8.    Each and every one of the Indemnitors, except for Gregory E. Campbell

whose indemnity obligations in favor of Federal are set forth in paragraph "7" hereof, shall at all times jointly and severally indemnify, hold harmless and exonerate Federal from and against any and all loss, damage, liability, claims, costs and/or expenses, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of the investigation, defense and/or payment relating to any Claims, requests, the Work, the Contract, the Project, the Bonds, Other Bonds, any claims discussed herein or this Agreement, and/or by reason of entering into or enforcing this Agreement … ; and said Indemnitors shall place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any "Loss" as defined herein. Notwithstanding anything contained in this Agreement to the contrary, the Indemnitors (including Gregory E. Campbell, individually and personally) must at all times indemnify, hold harmless and exonerate Federal from and against: (i) any and all claims made or to be made by Local 806; (ii) any and all claims made or to be made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies relating to the Contract, the Work and/or Project; (iv) any claims made or to be made for payroll taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing….

24.    Plaintiffs have alleged in their Complaint that cross-claim defendant GCPC,

Federal's principal on the Bonds, purportedly failed to pay fringe benefit contributions due and

owing to Plaintiffs and to Local 806 in contravention of a collective bargaining agreement, a

trust indenture or policy and/or ERISA.

25.    By reason of the foregoing, Plaintiffs have alleged that they are entitled to recover

not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and

disbursement, and attorneys' fees, for which defendant/cross-claimant Federal is purportedly

liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond

issued on behalf of cross-claim defendant GCPC.

26.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint

against Federal are upheld, subject to and without waiving any and all rights, claims, setoffs,

23

counterclaims, remedies or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint.

27.     By virtue of the Indemnity Agreements, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to defendant/cross-claimant Federal for any amounts or damages which may be awarded to the Plaintiffs and/or for such amounts that Federal may pay to Plaintiffs pursuant to the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment Bond, the Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards.

### AS AND FOR A SECOND CROSS-CLAIM
#### (Contractual Indemnification and/or Collateral Security)

28.     Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "27" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

29.     The 1995 Indemnity Agreement and 1996 Indemnity Agreement both provide in pertinent part:

> ... Indemnitor[s] ... will place the [] Company[, Federal,] in funds to meet all its liability under [the] ... bonds promptly on request and before it may be required to make payment thereunder and that a voucher or other evidence of payment by [] Company[, Federal,] of any such los, damage, expense, claim, or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company[, Federal,] under this Agreement....

24

30.     By the 2008 Indemnity Agreement, at paragraphs "7" and "8", cross-claim

defendant GCPC and all the other indemnitors agreed, among other things, jointly and severally,

to "place Federal in funds promptly, on request, and before Federal may be required to make any

payment of or incurs any 'Loss'".

31.     In the 2008 Indemnity Agreement, the term "Loss" was specifically defined as:

> 1.     ...
> (h)     "Loss" shall mean any and all loss, damage, liability, claims, cost and/or
> expense, including, without limitation, all court costs and attorneys' fees,
> consulting fees and expenses, expert fees and expenses and/or engineering fees
> and expenses, which Federal may incur at any and all times and before it may
> make any payment thereof, by reason of its execution and/or delivery of the Bonds
> and/or the Other Bonds, by reason of its investigation and/or payment relating to
> any Claims, requests, the Work, the Contract, Project, the Bonds, Other Bonds or
> this Agreement, and/or by reason of entering into or enforcing this Agreement.

32.     By virtue of the foregoing, cross-claim defendant GCPC and the other

indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell

Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are

obligated, jointly and severally, to deposit with cross-claimant Federal, as collateral, an amount

of money sufficient to protect Federal from any and all liability, losses or expenses relating to the

claims asserted by the Plaintiffs in at least the sum of $153,599.03, plus an award of interest,

liquidated damages, costs and disbursement, and attorneys' fees, and together with any and all

loss, liability costs, attorneys' fees, damages, consultant or expert fees, engineering fees,

expenses and/or interest incurred or to be incurred at any all times by Federal as a result of the

Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, judgments,

investigations, verdicts, damages and/or awards.

### AS AND FOR A THIRD CROSS-CLAIM
**(Contractual Indemnification, Discharge, Collateral and/or Specific Performance)**

33.     Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "32" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

34.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, then cross-claimant Federal may be or become liable to Plaintiffs for all or part of the sums alleged in their Complaint.

35.    The 1995 Indemnity Agreement provides in pertinent part as follows:

> ... Indemnitor[s] also agree[] that [they] will, on request of the Company[, Federal,] promptly procure the discharge of the Company[, Federal,] from any bond or bond and all liability by reason thereof. If such discharge is unattainable, the Indemnitor[s] will, if requested by Company[, Federal,] promptly provide a letter of credit to the Company[, Federal,] acceptable to Company, sufficient to cover all liability of the Company[, Federal,] under such bond or bonds, or promptly make provisions acceptable to the Company[, Federal,] for the funding of the bonded obligation(s).

36.    The 1995 Indemnity Agreement furnished in favor of cross-claimant Federal created valid and binding <u>specific</u> obligations for the benefit of Federal.

37.    The explicit and unambiguous language of the 1995 Indemnity Agreement afforded cross-claimant Federal unconditional rights and imposed specific obligations on indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval, simply upon demand, to procure the discharge of Federal under the Bonds and/or to provide a letter of credit in the full and total amount of all potential liability of Federal under the Bonds.

38.    By virtue of the foregoing, cross-claimant Federal is entitled to <u>specific performance</u> by indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval of the provisions of the 1995 Indemnity Agreement relating to said indemnitors' specific obligations to procure the complete discharge and/or to post collateral in the form of a letter of credit in favor of Federal to secure all potential liability and loss of Federal under the Bonds.

26

39.     Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC, GCCS and Georval have failed to deposit any funds with cross-claimant Federal in connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors' obligations under the 1995 Indemnity Agreement, by law, or otherwise.

40.     Federal has no adequate remedy at law.

41.     By reason of any of the foregoing, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS and Georval, must post a letter of credit in favor of cross-claimant Federal in the sum of $153,599.03, plus an additional sum of $75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order to comply with the 1995 Indemnity Agreement.

## AS AND FOR A FOURTH CROSS-CLAIM
### (Quia Timet and/or Specific Performance)

42.     Federal repleads and reasserts each and every allegation set forth in paragraphs "1" through "41" hereof, with the same force and effect as if each such allegation was fully set forth here again at length.

43.     Pursuant to the terms of the Indemnity Agreements, GCPC, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) must deposit funds, money or collateral sufficient to protect Federal from any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or payments, investigations, judgments, verdicts, damages or awards.

44.     Federal further requests that the Court issue an order pursuant to the doctrine of

27

quia timet requiring cross-claim defendant GCPC to place Federal with funds sufficient to satisfy

the claims of Plaintiffs, together with all loss, liability, costs, attorneys' fees, consultant or expert

fees, engineering fees, expenses and/or interest incurred or to be incurred at any all times by

Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any

payments, investigations, judgments, verdicts, damages and/or awards.

45.    Upon information and belief, indemnitors GCPC, Campbell Engineering, GCAC,

GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg

Campbell (individually and personally) have failed to deposit any funds with cross-claimant

Federal in connection with claims of the Plaintiffs herein or otherwise to cover said indemnitors'

obligations under the Indemnity Agreements, by law, or otherwise.

46.    Federal also seeks exoneration from indemnitors GCPC, Campbell Engineering,

GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or

Greg Campbell (individually and personally) to indemnify, save and hold harmless and

exonerate Federal from and against any and all liability to the Plaintiffs.

47.    Federal has no adequate remedy at law.

48.    By reason of the foregoing, cross-claimant Federal is entitled to an Order of this

Court compelling cross-claim defendant GCPC to exonerate and indemnify Federal in

accordance with the specific terms and conditions of the Indemnity Agreements and/or in

accordance with New York law.

## AS AND FOR A FIFTH CROSS-CLAIM
### (Common-Law Indemnification)

49.    Federal repleads and reasserts each and every allegation set forth in paragraphs

"1" through "48" hereof, with the same force and effect as if each such allegation was fully set

forth here again at length.

50.    In the Complaint, the Plaintiffs alleged, among other things, that cross-claim defendant GCPC entered into a certain collective bargaining agreement with Local 806; that GCPC is required by that collective bargaining agreement and/or the Trust Indenture or Policy for Collection of Delinquent Contributions to remit contributions; that, as a result of work performed by employees of GCPC, there became fringe benefit contributions due and owing to Plaintiffs and to Local 806 from GCPC pursuant to that collective bargaining agreement; that GCPC failed and refused to remit the fringe benefit contributions to the Plaintiffs and to Local 806 in accordance with that collective bargaining agreement or that trust indenture/policy for the GWB Project and the Henry Hudson Project; and that GCPC failed to pay or timely pay fringe benefit contributions in violation of the Employee Retirement Income Security Act ("ERISA").

51.    By virtue of the foregoing, Plaintiffs have alleged that they are entitled to recover not less than the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursements, and attorneys' fees, for which defendant/cross-claimant Federal is purportedly liable to Plaintiffs pursuant to the GWB Payment Bond and/or the Henry Hudson Payment Bond issued on behalf of cross-claim defendant GCPC.

52.    Upon information and belief, if the allegations set forth in Plaintiffs' Complaint against Federal are upheld, subject to and without waiving any and all rights, claims, setoffs, counterclaims, remedies or defenses of Federal, then Federal may be or become liable to Plaintiffs for all or part of the sums alleged in the Complaint.

53.    By reason of the foregoing, cross-claim defendant GCPC and the other indemnitors, Campbell Engineering, GCAC, GCCS, Painter's Equipment, Georval, Campbell Painting, Campbell Contracting and/or Greg Campbell (individually and personally) are, jointly and severally, liable to cross-claimant Federal for any amounts or damages which may be

29

awarded to the Plaintiffs and/or for such amounts that Federal may pay to Plaintiffs pursuant to

the GWB Payment Bond, the Henry Hudson Payment Bond or otherwise, together with any and

all loss, liability, costs, attorneys' fees, consultant or expert fees, expenses, engineering fees,

damages and/or interest incurred at any and all times by Federal as a result of the GWB Payment

Bond, Henry Hudson Payment Bond, this action, the main action, the claims by Plaintiffs and/or

any payments, investigations, judgments, verdicts, damages or awards.

     **WHEREFORE**, defendant/counterclaim-plaintiff/cross-claimant Federal Insurance

Company ("Federal") respectfully demands Judgment, as follows:

     1.     Dismissing the Complaint as against defendant Federal in its entirety; and

     2.     On its setoffs and counterclaim against the Plaintiffs, awarding Federal an amount

to be determined at trial, together with interest, the costs and disbursements of this action, and

attorneys' fees, which will also reduce any damages against Federal, if any at all, to zero; and

     3.     On its cross-claims against co-defendant/cross-claim defendant George Campbell

Painting Corp.:

     a)     Awarding Federal all amounts which may be granted to Plaintiffs herein over and against cross-claim defendant George Campbell Painting Corp., and for such amounts that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest, and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and

     b)     Directing cross-claim defendant George Campbell Painting Corp. to deposit funds with Federal, as collateral, in an amount of money sufficient to protect Federal from all losses or expenses in at least the sum of $153,599.03, plus an award of interest, liquidated damages, costs and disbursement, and attorneys' fees, and together with any and all loss, liability costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred or to be incurred at any all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and

     c)     Compelling cross-claim defendant George Campbell Painting Corp. to

post collateral security in the form of a letter of credit in favor of cross-claimant Federal Insurance Company in the sum of $153,599.03, plus an additional sum of $75,000.00 to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended by Federal, and making a letter of credit in the total amount of $228,599.03 in order to comply with the 1995 Indemnity Agreement; and

d)    Compelling cross-claim defendant George Campbell Painting Corp. to exonerate and indemnify Federal pursuant to the terms of the Indemnity Agreements and/or in accordance with New York law; and

e)    Awarding Federal all amounts which may be granted to Plaintiffs herein over and against cross-claim defendant George Campbell Painting Corp., and for such amounts that Federal may or become obligated to pay pursuant to the Bonds or otherwise, plus interest, and together with any and all loss, liability, costs, attorneys' fees, consultant or expert fees, engineering fees, expenses, damages and/or interest incurred at any and all times by Federal as a result of the Bonds, this action, the main action, the claims by Plaintiffs and/or any payments, investigations, judgments, verdicts, damages and/or awards; and/or

4.    Granting defendant/counterclaim-plaintiff/cross-claimant Federal such other and

further relief as the Court may deem just, proper and/or equitable.

Dated: New York, New York
      June 27, 2008

                                LAMBERT & WEISS
                                Attorneys for Defendant/Counterclaim-
                                Plaintiff/Cross-Claimant Federal Insurance
                                Company

By:                                          
                                MONROE WEISS (MW 9146)
                                61 Broadway, Suite 2020
                                New York, New York 10006
                                (212) 344-3100

TO:    Dana L. Henke, Esq.
        BARNES, IACCARINO, VIRGINIA,
          AMBINDER & SHEPHERD, PLLC
        Attorneys for Plaintiffs Trustees of the
          Structural Steel & Bridge Painters of
          Greater New York Employee Trust Funds
          and Trustees of the District Council 9
          Painting Industry Insurance & Annuity Funds
        258 Saw Mill River Road

31

Elmsford, NY 10523
(914) 592-1515

Michael E. Greene, Esq.
ROBINSON BROG LEINWAND GREENE
   GENOVESE & GLUCK P.C.
Attorneys for Defendant George Campbell Painting Corp.
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6360

32

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                             ) SS.:
COUNTY OF NEW YORK   )

     **STEPHANIE PAONESSA**, being duly sworn deposes and says:  deponent is not a party to this action, is over 18 years of age, and resides in STATEN ISLAND, NEW YORK.

     On the 27th day of June, 2008, I served a copy of the within:

### ANSWER WITH COUNTERCLAIM AND CROSS-CLAIMS

upon the following party(ies):

                     Dana L. Henke, Esq.
                     BARNES, IACCARINO, VIRGINIA, AMBINDER
                      & SHEPHERD, PLLC
                     *Attorneys for Plaintiffs Trustees of the Structural Steel*
                     *& Bridge Painters of  Greater New York Employee*
                     *Trust Funds and Trustees of the District Council 9*
                     *Painting Industry Insurance & Annuity Funds*
                     258 Saw Mill River Road
                     Elmsford, NY 10523

                     Michael E. Greene, Esq.
                     ROBINSON BROG LEINWAND GREENE
                      GENOVESE & GLUCK P.C.
                     *Attorneys for Defendant*
                     *George Campbell Painting Corp.*
                     1345 Avenue of the Americas
                     New York, New York 10105

By causing to be delivered a copy of the same by first class mail in a postage paid properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                     **STEPHANIE PAONESSA**

Sworn to before me this
27th day of June, 2008

      NOTARY PUBLIC

        M. DIANE DUSZAK
      Notary Public, State of New York
          No. 02DU5049163
        Qualified in New York County
   Commission Expires September 11, ~~19~~ 2009

Index No.   08 Civ. 3403 (SCR)    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE STRUCTURAL STEEL
AND BRIDGE PAINTERS OF GREATER NEW
YORK EMPLOYEE TRUST FUNDS and TRUSTEES
OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS

Plaintiffs,

-against-

GEORGE CAMPBELL PAINTING CORP. and
FEDERAL INSURANCE COMPANY,

Defendants.

## ANSWER WITH COUNTERCLAIM AND CROSS-CLAIMS

Signature (Rule 130-1.1-a)

Print name beneath

### LAMBERT & WEISS

*Attorneys for* Defendant Federal Insurance Company

*Office and Post Office Address, Telephone*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 344-3100**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

..................................................................

Attorney(s) for

2900 – Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.
### LAMBERT & WEISS
*Attorneys for*

*Office and Post Office Address*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at                    M.
Dated,

Yours, etc.
### LAMBERT & WEISS
*Attorneys for*

*Office and Post Office Address*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for

# EXHIBIT "3"

**CHUBB GROUP OF INSURANCE COMPANIES**

**CHUBB**

15 Mountain View Road, P.O. Box 1615, Warren, New Jersey 07061-1615

## FEDERAL INSURANCE COMPANY

## GENERAL AGREEMENT OF INDEMNITY

WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires Federal Insurance Company (hereinafter called "Company") to execute bonds including undertakings and other like obligations (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its subsidiaries or on behalf of any subsidiary of a subsidiary or successive subsidiaries, direct or indirect, now existing or hereafter created (hereinafter called "Subsidiaries") or on behalf of any one or more of them and also desires the execution of bonds on behalf of individuals, partnerships or corporations such as, but without being limited to, deputy sheriff, notary public, special patrolmen and license or permit bonds.

WHEREAS, from time to time either the Indemnitor or one or more of its Subsidiaries may be participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its Subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, and in consideration of the sum of One Dollar paid to said Indemnitor by said Company, the receipt whereof is hereby acknowledged, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times jointly and severally indemnify and save harmless said Company from and against any and all loss, damage or expense, including court costs and attorneys' fees, which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim, or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement. Indemnitor also agrees that it will, on request of Company, promptly procure the discharge of the Company from any bond or bonds and all liability by reason thereof. If such discharge is unattainable, the Indemnitor will, if requested by Company, promptly provide a letter of credit to the Company, acceptable to Company, sufficient to cover all liability of the Company under such bond or bonds, or promptly make provisions acceptable to the Company for the funding of the bonded obligation(s).

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any Subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of Federal Insurance Company either as a direct writing company or as a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of Federal Insurance Company on behalf of Indemnitor or any of its Subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its heirs, successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREOF said Indemnitor has signed this instrument under seal this   24th day of   October       , 19 95 .

Georval, Inc.

By: _____

George Campbell Associates Corp.

By: _____

Campbell Engineering Support Services, Inc.

By: _____

George Campbell Contracting Supply Corp.

By: _____

George Campbell Painting Corp.

By: _____

_____
Individually

_____
Individually

(over)

## CERTIFICATE OF ACKNOWLEDGMENT

State of   NEW YORK   }
County of   QUEENS

On 10/24/95 before me MARIAN RIZZI , personally appeared _____
(here insert name and title of the officer)

GEORGE CAMPBELL, PRESIDENT _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARIAN RIZZI
Notary Public, State of New York
No. 41 0039340-Queens County
(Seal) Term Expires _____

## CERTIFICATE OF ACKNOWLEDGMENT

State of
County of _____ }

On_____ before me _____ , personally appeared _____
(here insert name and title of the officer)

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

State of
County of _____ }

On_____ before me _____ , personally appeared _____
(here insert name and title of the officer)

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

State of
County of _____ }

On_____ before me _____ , personally appeared _____
(here insert name and title of the officer)

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

# EXHIBIT "4"

973 360 6642



# CHUBB GROUP OF INSURANCE COMPANIES

15 Mountain View Road, P.O. Box 1615  Warren  New Jersey 07061-1615

## FEDERAL INSURANCE COMPANY

### GENERAL AGREEMENT OF INDEMNITY

WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires Federal Insurance Company (hereinafter called "Company") to execute bonds including undertakings and other like obligations (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its subsidiaries or on behalf of any subsidiary of a subsidiary or successive subsidiaries, direct or indirect, now existing or hereafter created (hereinafter called "Subsidiaries") or on behalf of any one or more of them and also desires the execution of bonds on behalf of individuals, partnerships or corporations such as, but without being limited to, deputy sheriff, notary public, special patrolmen and license or permit bonds.

WHEREAS, from time to time either the Indemnitor or one or more of its Subsidiaries may be participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its Subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, and in consideration of the sum of One Dollar paid to said Indemnitor by said Company, the receipt whereof is hereby acknowledged, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times jointly and severally indemnify and save harmless said Company from and against any and all loss, damage or expense, including court costs and attorneys' fees, which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim, or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement.

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any Subsidiary participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of Federal Insurance Company either as a direct writing company or as a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of Federal Insurance Company on behalf of Indemnitor or any of its Subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its heirs, successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREOF said Indemnitor has signed this instrument under seal this 6th day of NOVEMBER , 1996 .

Campbell Painting Corp.

By

Georval, Inc.

By

Painters' Equipment Leasing, Inc.

By

Campbell Associates Corp.

By

Campbell Engineering Support Services, Inc.

By

Campbell Contracting Supply Corp.

By

CERTIFICATE OF ACKNOWLEDGMENT

State of *New York*
County of *Queens* }

On *11/6/96* before me *Gregory E Campbell*_____, personally appeared _____
(here insert name and title of the officer)

*President of Campbell Painting Corp, Campbell Engineering Contract Services Inc, and Painting Equipment Leasing Inc*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Diane C. Deis*

## CERTIFICATE OF ACKNOWLEDGMENT

State of *New York*
County of *Queens* }

On *11/6/96* before me *Eric J Campbell*_____, personally appeared _____
(here insert name and title of the officer)

*President of Greiner Campbell Associates Corp and Campbell Contracting Supply Corp*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Diane C. Deis*   (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

State of *New York*
County of *Queens* }

On *11/6/96* before me *Valerie Campbell*_____, personally appeared _____
(here insert name and title of the officer)

*President of Greiner Inc*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Diane C. Deis*   (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

State of _____
County of _____ }

On _____ before me _____, personally appeared _____
(here insert name and title of the officer)

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____   (Seal)

# EXHIBIT "5"

# AGREEMENT

This Agreement is entered into as of the effective date set forth herein, by and between Federal Insurance Company ("Federal") and George Campbell Painting Corp., Campbell Engineering Support Services, Inc., George Campbell Associates Corp., George Campbell Contracting Supply Corporation, Painter's Equipment Leasing, Inc., Georval, Inc., Campbell Painting Corp., Campbell Contracting Supply Corp., and Gregory E. Campbell, individually and personally (hereinafter collectively referred to as the "Indemnitors").

WHEREAS, Federal, as surety, and George Campbell Painting Corp., as principal ("GCPC"), issued performance and payment bonds numbered 8162-79-06 in favor of the Triborough Bridge and Tunnel Authority, as obligee (the "Authority"), with respect to Contract HHM-314 (the "Contract") in connection with a project known as the Henry Hudson Bridge project (the "Project") for the Authority (collectively, the "Bonds"); and

WHEREAS, the Indemnitors, including Gregory E. Campbell, individually and personally, represent that the Authority has demanded that GCPC complete certain remaining or incomplete painting and/or warranty repair work with respect to the Contract so as to avoid the risk of any default by GCPC under the Contract (the "Work"); and

WHEREAS, the Indemnitors, including Gregory E. Campbell, individually and personally, represent that they are financially unable to perform or complete the "Work" and do not possess sufficient funds, monies, resources, property and/or assets to perform or complete the "Work" or to comply with the aforesaid demand made by the Authority; and

WHEREAS, the Indemnitors, including Gregory E. Campbell, individually and personally, have requested that Federal provide GCPC with financing to perform or complete the "Work" and to comply with the demand made by the Authority; and

1

WHEREAS, Federal, before it issued and as part of the consideration for its issuance of the Bonds, had obtained written indemnity agreements from certain of the Indemnitors in favor of Federal, which provide, among other things, that such Indemnitors: must place Federal in funds promptly, on request, in conjunction with such Indemnitors' obligations to hold Federal free and harmless from all loss, liability, damage, cost and expense (including court costs and attorneys' fees) relating to the Bonds and before Federal may be required to make any payment thereof; and

WHEREAS, it is in the best interests of all the parties hereto that the "Work" is completed relating to the Contract and such completion shall provide a substantial benefit to all parties; and

WHEREAS, Federal may be required to expend monies in excess of the funds or monies that are or may become due and owing under the Contract and/or Project; and

WHEREAS, the Indemnitors, including Gregory E. Campbell, individually and personally, represent the "Work" remaining under the Contract is valued in at least the sum of $387,000; and

WHEREAS, the Indemnitors will endeavor, with the consent of Federal, to use their best efforts to begin the "Work" as soon as possible; and

WHEREAS, the Indemnitors, both in their capacities as corporations and/or as individual persons, and Federal, desire to memorialize agreements reached by the parties/signatories hereto.

NOW, THEREFORE, it is agreed that in consideration of the promises and mutual covenants set forth in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties and/or signatories agree as follows:

1.      As used herein, the following terms shall have the meanings set forth below:

(a)      "Indemnitors" mean and include the following entities and persons: (i) George Campbell Painting Corp. (GCPC); (ii) Campbell Engineering Support Services, Inc.; (iii) George Campbell Associates Corp.; (iv) George Campbell Contracting Supply Corporation; (v) Painter's

2

Equipment Leasing, Inc.; (vi) Georvaı, ınc.; (vii) Campbell Painting Corp.; (viii) Campbell

Contracting Supply Corp.; and (ix) Gregory E. Campbell, individually and personally. All

references to the Indemnitors herein shall include all and each of the foregoing corporations or

individual persons collectively and/or individually (including Gregory E. Campbell, personally).

     (b)    "Federal" means Federal Insurance Company and/or its subsidiaries, affiliates,

divisions, department, parent companies, administrators, predecessors, successors and/or assigns.

     (c)    "Authority" means the Triborough Bridge and Tunnel Authority.

     (d)    The "Bonds," "Contract" and "Project" are identified, as follows:

| | |
|---|---|
| Federal Bond Nos.: | 8162-79-06 |
| Contract No.: | HHM-314 |
| Project: | Henry Hudson Bridge |
| Principal: | George Campbell Painting Corp. |
| Obligee: | Triborough Bridge and Tunnel Authority |

     (e)    "Work" means that certain remaining or incomplete painting and/or warranty

repair work with respect to the Contract that the Indemnitors have represented that the Authority

has demanded that GCPC complete to avoid the risk of any default by GCPC under the Contract.

     (f)    "Contract Funds" mean any and all funds, monies, sums, proceeds and/or

payments that are and/or may become due or payable to the Indemnitors relating to the Contract

and/or Project, including, without limitation, all remaining retainage, revenue, deferred

payments, caulking revenue, income, profits, work, change orders, extras, accounts, receivables,

claims, inventories, accounts receivable, equitable adjustments and/or reimbursements

(irrespective of the date or dates when any unpaid or non-disbursed funds, monies, sums,

proceeds, payments, retainage, revenue, deferred payments, caulking revenue, income, profits,

work, change orders, extras, accounts, receivables, claims, inventories, equitable adjustments

and/or reimbursements were or are earned, recognized and/or due or payable).

3

(g)    "Claims" shall mean any and all claims, causes of action, actions, proceedings, judgments, liens, mechanic's liens, liability, damages, conditions, notices and/or demands that have been or may be asserted or made at any and all times against the Indemnitors and/or Federal relating to the Bonds, the Contract, the Work, Project and/or any other bonds Federal issued on behalf of any one or more of the Indemnitors and/or the corresponding contracts or projects (the "Other Bonds"), including, without limitation, any and all "Claims" relating to: (i) prior, existing or future demands or claims made by the Authority (and/or any claimant or beneficiary) under the Bonds; and/or (ii) Bond No. 8162-79-06, Bond No. 8162-79-07, Bond No. 8162-64-02, Bond No. 8144-24-40, Bond No. 8162-64-05, Bond No. 8162-79-09, Bond No. 8162-79-12 and/or Lien Bond for Vista Engineering mechanic's lien.

(h)    "Loss" shall mean any and all loss, damage, liability, claims, cost and/or expense, including, without limitation, all court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times and before it may make any payment thereof, by reason of its execution or delivery of the Bonds and/or the Other Bonds, by reason of its investigation and/or payment relating to any Claims, requests, the Work, the Contract, Project, the Bonds, Other Bonds or this Agreement, and/or by reason of entering into or enforcing this Agreement.

2.    Federal will assist GCPC in paying the cost of the labor to perform or complete the "Work" with respect to the Contract as defined herein and the method of payment shall be only as described in paragraph "3" hereof, solely upon the satisfaction of all of the following express conditions precedent, prerequisites and/or requirements:

(a)    The Indemnitors, including Gregory E. Campbell, individually and personally,

4

must furnish and pay the cost of furnishing all insurance required by the Contract and/or necessary to perform the Work, the Contract and/or Project.

(b)    The Indemnitors, including Gregory E. Campbell, individually and personally, must furnish and pay the cost of furnishing all materials, equipment and/or fuel relating to the Work, the Contract and/or Project.

(c)    The Indemnitors, including Gregory E. Campbell, individually and personally, must execute and deliver to Federal the assignment annexed hereto as Exhibit "A", and described in paragraph "5" hereof.

(d)    Gregory E. Campbell, individually and personally, must at all times indemnify, hold harmless and exonerate Federal as set forth in paragraph "7" hereof.

(e)    Each and every one of the Indemnitors, except for Gregory E. Campbell whose indemnity obligations are set forth in paragraph "7" hereof, must at all times jointly and severally indemnify, hold harmless and exonerate Federal as set forth in paragraph "8" hereof.

(f)    The Indemnitors, including Gregory E. Campbell, individually and personally, hereby acknowledge, stipulate and agree that Federal shall justifiably, reasonably and/or detrimentally rely upon any and all representations, warranties, covenants and/or statements made by the Indemnitors (including Gregory E. Campbell) in this Agreement, wherever made.

(g)    The Indemnitors, including Gregory E. Campbell, individually and personally, must devote and hereby represent, warrant and covenant to devote sufficient time and utilize their respective best efforts to: (i) begin the Work with Federal's consent effective as of the effective date hereof; (ii) supervise, manage and complete the Work, the Contract and/or Project in all respects to the satisfaction of the Authority; (iii) collect sums accruing, past due or to become due relating to the Work, the Contract and/or Project; (iv) process all claims whatsoever,

5

including extra work, change orders or equitable adjustments; (v) defend and assist with the defense of all claims against Indemnitors and/or Federal relating to the Work, Contract, Project, the Bonds, Other Bonds and/or the Claims; (vi) settle accounts; and (vii) conduct their respective businesses and operations in accordance with generally accepted commercial practices.

(h)    The Indemnitors, including Gregory E. Campbell, individually and personally, must neither be in default nor declared to be in default relating to any obligations or requirements under the Contract and/or the Project.

(i)    There must be no bankruptcy, insolvency and/or reorganization proceeding, case or matter, whether initiated voluntarily or involuntarily, with respect to any one or more of the Indemnitors, including Gregory E. Campbell, individually and personally.

(j)    The Indemnitors, including Gregory E. Campbell, individually and personally, must cooperate and continue to cooperate with Federal.

(k)    The Indemnitors, including Gregory E. Campbell, individually and personally, must comply with, satisfy, meet and discharge and continue to comply with, meet, satisfy and/or discharge all of the conditions, obligations, terms, provisions, promises, agreements, warranties and/or covenants contained in this Agreement.

(l)    The Indemnitors, including Gregory E. Campbell, individually and personally, must comply with and satisfy all of the provisions of Article 3-A of New York Lien Law, and ensure that they are in compliance therewith now and at all times relating to the Contract, the Work, Project and/or the contracts or projects relating to the Other Bonds.

(m)    Any payments made by Federal relating to the Contract, the Work, Project, the Bonds, the Other Bonds and/or the Claims shall constitute and be deemed "trust funds" pursuant to Article 3-A of New York Lien Law.

6

(n)    The Indemnitors, including Gregory E. Campbell, individually and personally, shall permit Lovett, Silverman Construction Consultants, Inc. ("Lovett") to oversee, occupy and/or take all actions as the representative of Federal as surety at the Project site, and further shall take all actions necessary to implement the appointment of Lovett as the representative of Federal at the Project site.

(o)    The Indemnitors, including Gregory E. Campbell, individually and personally, must provide monthly reports to Federal and Lovett regarding the status of the Work, the Contract and/or Project; and further must provide Federal and Lovett with written notice of the receipt of any and all Contract Funds.

(p)    The Indemnitors, including Gregory E. Campbell, individually and personally, must submit to Lovett and Federal all backup documentation relating to any and all monies or sums requested to be disbursed, applied, or paid for labor with respect to the "Work" in accordance with this Agreement, including, without limitation, all certified payroll records, affidavits, waivers and releases of liens, requisitions, invoices, and receipts or records necessary to determine all sums properly due and payable for the labor costs with respect to the "Work", including for payroll taxes and/or union benefits; and further Indemnitors (including Gregory E. Campbell, individually and personally) represent, warrant and covenant that all backup documentation submitted to Lovett and Federal reflects the labor actually required, furnished and necessary to perform the "Work", which Federal and/or Lovett may, in the sole discretion or opinion of Federal, pay or disburse for the labor costs with respect to the "Work" solely in accordance with this Agreement.

(q)    The Indemnitors, including Gregory E. Campbell, individually and personally, must maintain all books, accounts and/or records, as well as permit an accountant approved by

7

Federal to examine, upon demand, su... books, accounts and records, in order to allow such accountant to determine readily the income, revenue, payments, disbursements, loss, receipts, the Contract Funds, invoices, payment applications or requisitions, bills and/or accounts relating to the activities of the Indemnitors and/or its/their agents, experts, employees, consultants, accountants, engineers, architects, contractors, subcontractors, laborers, suppliers and/or materialmen on the Contract and/or Project.

(r)    The Indemnitors, including Gregory E. Campbell, individually and personally, covenant, warrant and agree that:

(i) if the Indemnitors and/or its/their affiliates, subsidiaries, successors, predecessors, trustees, administrators, heirs and/or assigns shall fail to complete, pay, undertake, perform, comply with, discharge and/or satisfy any contracts, obligations, rights and/or duties of any kind, nature or form whatsoever, whether affirmative or not, relating to the Contract and/or Project, Federal may elect, at any time, in its sole discretion, to take over the Contract or Project; and/or

(ii) if the Indemnitors and/or or its/their affiliates, subsidiaries, successors, predecessors, trustees, administrators, heirs and/or assigns shall fail in any respect to undertake, perform, comply with, discharge and/or satisfy any agreements, covenants, promises, conditions, warranties and/or obligations contained herein,

Federal may elect, in its sole discretion, to take over the Contract and/or Project; In either case, Federal may, in its sole discretion, complete any such contract, obligation, and/or duty itself or with another contractor, and Federal may use or employ all materials, equipment, Contract Funds and/or other resources relating to the Contract and/or Project.

3.    In consideration for all of the agreements and covenants contained herein, Federal

8

will assist the Indemnitors as follows:

(a)    Federal directly will pay sums to the contractors, subcontractors and/or laborers, which in the sole opinion and the sole discretion of Federal are necessary for the labor to perform or complete the Work with respect to the Contract as defined herein, in an amount not to exceed in the aggregate at any time the sum of $387,000, but may be in amount less than said sum.

(b)    In the event any one or more of the express conditions precedent, prerequisites and/or requirements set forth in paragraph "2" above and/or contained herein is or are not met and satisfied, Federal shall have the sole discretion to rescind this Agreement and/or to cease or stop any payments made or to be made under paragraph 3(a), and in all events Federal shall be entitled to enforce all of its rights, remedies and/or claims against the Indemnitors (including Gregory E. Campbell, individually and personally), whether explicitly set forth herein or not, and even if Federal rescinds this Agreement or ceases any payments.

(c)    Federal shall have the right, in its sole discretion, to cease and/or stop, at will, any and all payments made or to be made relating to the Work, the Contract, the Project, the Bonds and/or this Agreement for the reason that the Indemnitors (including Gregory E. Campbell, individually and personally) failed to comply with any of the terms, provisions, conditions, promises, obligations, agreements, warranties and/or covenants in this Agreement, for any reason and/or for no reason at all.

4.    To facilitate any of the foregoing provisions, terms, agreements, promises, warranties and/or covenants, the Indemnitors (including Gregory E. Campbell, individually and personally) covenant and agree that:

(a)    A separate bank account must be established for the Contract Funds and/or the monies, if any, payable under this Agreement in order to pay or satisfy sums owed for labor to

9

perform the Work as defined herein with respect to the Contract and/or to reimburse Federal for

any Loss as defined herein, where said account must require, for any withdrawal a signature

from Federal and/or its designated representative (e.g., Lovett). No funds, sums or monies shall

be disbursed or paid from this account to anyone other than Federal, unless and until the

Indemnitors (including Gregory E. Campbell, individually and personally) meet and satisfy all

the express conditions precedent, prerequisites and/or requirements set forth in this Agreement,

including, without limitation, furnishing Federal/Lovett with all backup documentation as set

forth in paragraph 2(p) above.

      (b)     Upon each payment of the amounts necessary for the labor to perform or

complete the Work as defined herein with respect to the Contract, the Indemnitors shall provide

Federal with release(s) from any and all claimants and/or payees.

      5.     In further consideration of the agreements by Federal contained herein, the

Indemnitors (including Gregory E. Campbell, individually and personally) hereby irrevocably,

absolutely and forever sell, assign, grant, transfer, convey, dispose and set over unto Federal: (a)

any and all of the Contract Funds; (b) any and all rights, claims, causes of action, demands,

actions, proceedings, judgments, mechanic's liens, remedies, privileges, liens, titles and interests

of every kind, type, character or nature whatsoever relating to the Contract Funds as defined

herein; and (c) any and all rights, claims, causes of action, actions, demands, proceedings,

judgments, remedies, mechanic's liens, equipment, materials, inventories, fuels, machinery,

furnishings, resources, assets, property, insurance policies or coverage, privileges, liens, titles

and interests of every kind, type, character or nature whatsoever relating to the Contract, the

Work and/or Project (collectively, the "Rights"); and further said Indemnitors shall execute and

deliver to Federal, simultaneously with the execution of this Agreement, the Assignment

10

annexed as Exhibit "A".

6.    The Indemnitors, including Gregory E. Campbell, individually and personally, hereby represent, covenant and warrant that they have good right to make the Assignment to Federal annexed hereto as Exhibit "A", they have not assigned, pledged or otherwise divested, disposed or encumbered all or any part of the Rights or subject of the Assignment, and no other person or entity has any interest in or ownership of the Rights.

7.    Gregory E. Campbell, individually and personally, must at all times indemnify, hold harmless and exonerate Federal from and against any and all loss, damage, liability, claims, costs and/or expenses, including, without limitation, all court costs and attorneys' fees, expert fees and expenses, consulting fees and expenses and/or engineering fees and expenses, which Federal may incur at any and all times relating to: (a) any and all insurance required by the Contract or necessary to perform the Work and/or costs of furnishing such insurance; (b) any and all materials, equipment, fuels and/or costs of furnishing any of the foregoing relating to the Work, Contract and/or Project; (c) any and all representations, warranties, covenants, acknowledgments and/or statements made by Gregory E. Campbell, whether alone or together with Indemnitors, anywhere in this Agreement, including, without limitation, in paragraphs "2" and/or "9" hereof; (d) any claims and/or "Loss" arising from, relating to and/or incidental to any breach of, failure to meet or discharge, and/or inaccuracy contained in, any such representations, warranties, covenants, acknowledgments and/or statements; and/or (e) the enforcement of this Agreement; except, in the sole event that there is no breach of any terms or provisions of this Agreement by Indemnitors (including Gregory E. Campbell, individually and personally), then this indemnity agreement solely will exclude any sum Federal may, in its sole discretion, disburse with respect to the "Work" only in accordance with this Agreement up to the maximum

11

aggregate amount of $387,000 (but may be less than said sum) and/or Federal's administrative

expenses for making any such disbursement solely in accordance with this Agreement; and

Gregory E. Campbell, individually and personally, shall place Federal in funds promptly, on

request, and before Federal may be required to make any payment of or incurs any "Loss"

relating to any matters embraced by this paragraph. Notwithstanding anything contained in this

Agreement to the contrary, the Indemnitors (including Gregory E. Campbell, individually and

personally) must at all times indemnify, hold harmless and exonerate Federal from and against:

(i) any and all claims made or to be made by Local 806; (ii) any and all claims made or to be

made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies

relating to the Contract, the Work and/or Project; (iv) any claims made or to be made for payroll

taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and

all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts,

interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing. This

paragraph, however, doest not include any indemnity for acts by Lovett.

        8.     Each and every one of the Indemnitors, except for Gregory E. Campbell whose

indemnity obligations in favor of Federal are set forth in paragraph "7" hereof, shall at all times

jointly and severally indemnify, hold harmless and exonerate Federal from and against any and

all loss, damage, liability, claims, costs and/or expenses, including, without limitation, all court

costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or

engineering fees and expenses, which Federal may incur at any and all times by reason of its

execution or delivery of the Bonds and/or the Other Bonds, by reason of the investigation,

defense and/or payment relating to any Claims, requests, the Work, the Contract, the Project, the

Bonds, Other Bonds, any claims discussed herein or this Agreement, and/or by reason of

entering into or enforcing this Agreement; except, in the sole event that there is no breach of any terms or provisions of this Agreement by Indemnitors (including Gregory E. Campbell, individually and personally), then this indemnity agreement solely will exclude any sum Federal may, in its sole discretion, disburse with respect to the "Work" only in accordance with this Agreement up to the maximum aggregate amount of $387,000 (but may be less than said sum) and/or Federal's administrative expenses for making any such disbursement solely in accordance with this Agreement; and said Indemnitors shall place Federal in funds promptly, on request, and before Federal may be required to make any payment of or incurs any "Loss" as defined herein. Notwithstanding anything contained in this Agreement to the contrary, the Indemnitors (including Gregory E. Campbell, individually and personally) must at all times indemnify, hold harmless and exonerate Federal from and against: (i) any and all claims made or to be made by Local 806; (ii) any and all claims made or to be made by Vista Engineering; (iii) any claims for work, materials, equipment, labor, or supplies relating to the Contract, the Work and/or Project; (iv) any claims made or to be made for payroll taxes and/or union benefits relating to the Contract, the Work and/or Project; and/or (v) any and all "Loss" as defined herein, including, without limitation, any awards, judgments, verdicts, interest, payments, resolutions and/or settlement amounts, relating to any of the foregoing. This paragraph, however, doest not include any indemnity for acts by Lovett.

     9.     The Indemnitors, including Gregory E. Campbell, individually and personally, hereby represent, warrant, covenant, acknowledge and state that:

     (a)     There are no claims against Federal or for which Federal was, is, shall, could or may be liable relating to any contracts and/or bonds issued by Federal to, for or on behalf of any

one or more of the Indemnitors, except for the claims made by Vista Engineering and/or Local 806.

(b)     The Indemnitors have paid and will continue to pay, in full (whether or not any sums will be paid by Federal): (i) any and all payroll taxes and/or union benefits relating to the Work, the Contract and/or Project; and/or (ii) any and all laborers, contractors, subcontractors, workers, materialmen, suppliers and/or persons or entities furnishing work, labor, materials, equipment, supplies, fuel and/or or services relating to the Work, the Contract and/or Project.

(c)     The Work, the Contract and/or Project shall be performed, completed and finalized, in all respects, to the satisfaction of the Authority; and no claims may or could be made at any and all times under the Bonds.

(d)     Any and all warranties and/or guaranties furnished by Sherwin-Williams in connection with the Bay Bridge Project 1 and/or Bay Bridge Project 2 (as identified by Gregory E. Campbell in his letter to Vince Miseo dated October 8, 2007, a copy of which is annexed hereto as Exhibit "B") cover, encompass and completely indemnify Federal from and against any and all liability, claims, loss, damage, cost, expense and/or exposure relating to said projects;

(e)     The Indemnitors, including Gregory E. Campbell, individually and personally, shall defend, continue to defend, and pay for the defense of the Indemnitors, GCPC and/or Federal against any and all claims of Vista Engineering.

(f)     The Indemnitors, including Gregory E. Campbell, individually and personally, shall pay, in full, any and all awards, judgments, verdicts, interest, resolutions and/or settlement amounts, if any, relating to any and all claims of Vista Engineering.

(g)     The Indemnitors, including Gregory E. Campbell, individually and personally, shall (i) defend and pay for the defense of the Indemnitors, GCPC and/or Federal against any and

14

all claims relating to the contracts, projects or bonds discussed by Gregory E. Campbell in his letter to Vince Miseo dated October 8, 2007 (Exhibit "B" hereto) and/or any and all claims that exist or arise despite or contrary to any representations, warranties, covenants, acknowledgments and/or statements made anywhere in this Agreement, and (ii) pay, in full, all awards, judgments, verdicts, interest, resolutions and/or settlement amounts, if any, relating to any and all of the foregoing. This subparagraph, however, doest not include any indemnity for acts by Lovett.

(h)    The Indemnitors, including Gregory E. Campbell, individually and personally, shall (i) defend and pay for the defense of the Indemnitors, GCPC and/or Federal against any and all claims made or to be made at any and all times by Local 806, and (ii) pay in full, all awards, judgments, verdicts, interest, resolutions and/or settlement amounts, if any, relating to any and all of the foregoing. This subparagraph, however, doest not include any indemnity for acts by Lovett.

10.    The Indemnitors, including Gregory E. Campbell, individually and personally, shall execute and deliver to Federal, simultaneously with the execution of this Agreement, the powers of attorney, directions and/or instructions (a) to receive, maintain, endorse and collect checks, monies and/or accounts, (b) to sign any releases relating to the Project and/or (c) to bring, take or commence any claims, actions or proceedings in the name of the Indemnitors and/or as an assignee or subrogee, which is annexed hereto as Exhibit "C".

11.    To further secure and/or indemnify Federal from any and all loss, damage, liability, claims, payments, disbursements, cost and/or expense (including court costs and attorneys' fees, consulting fees and expenses, expert fees and expenses and/or engineering fees and expenses) relating to the Bonds, the Other Bonds, the Claims, the Contract, the Work, Project and/or this Agreement, the Indemnitors affirm, ratify and/or consent to the filing of the

15

UCC-1 forms or documents annexed hereto as Exhibit "D" and the Indemnitors do hereby grant and give unto Federal a lien on and/or security interest in: (a) all Contract Funds; and (b) all claims, causes of action, rights, demands, actions, proceedings, judgments, remedies, mechanic's liens, privileges, liens, titles and interests of every kind, type, character or nature whatsoever relating to the Contract Funds, the Contract, the Work and/or Project.  With respect to the lien and/or security interest provided herein, Federal shall have all rights, remedies and/or claims of a secured party under the Uniform Commercial Code (the "Code") and may execute and file all documents required by the Code, whether or not the Code is effective in a jurisdiction where the rights, remedies or claims may be asserted; and this Agreement may be filed with any applicable governmental entity as evidence of a security interest, security agreement, financing statement and/or any other documents to effect the purpose of securing and/or indemnifying Federal.

12.    Before the Indemnitors have satisfied all of their obligations to Federal, the Indemnitors hereby covenant, warrant and agree that, without the prior written consent of Federal, they: (a) shall not dispose of or encumber any asset or property; (b) shall not enter into any contracts or agreements relating to the Contract or Project; (c) shall not sell or pledge their assets or stock; (d) shall not consolidate or merge with or into any other company; (e) shall neither permit nor accept any distribution or dividend to any of the owners of the shares of stock of the corporate Indemnitors; and (f) shall neither borrow money nor make or accept any loans.

13.    The Indemnitors, including Gregory E. Campbell, individually and personally, hereby represent, warrant, covenant and acknowledge that the Subordination Agreement dated May 29, 1997, by and between George Campbell Painting Corp., Federal, and George and Valerie Campbell (the "Subordination Agreement"), is still in full force and effect and/or has not been breached or violated in any manner; and said Indemnitors further acknowledge, stipulate

and agree that nothing contained herein shall constitute nor be deemed to waive or modify any of the terms, provisions, conditions, promises, obligations, agreements, warranties and/or covenants contained in the Subordination Agreement.

14.    Federal, in its sole discretion, shall have the unqualified right to compromise, settle, pay and/or release, in whole or in part, any and all claims by or against the Indemnitors and/or Federal relating to the Contract, Project, the Work, the Bonds and/or the Other Bonds.

15.    By entering into or executing this Agreement, Federal neither expands nor increases any obligation or liability on its part, which is solely and expressly limited to and by the terms, provisions, penal limits, conditions and/or definitions contained in the Bonds and/or Other Bonds. Nothing contained herein, nor any communication, act or failure to act on the part of Federal and/or any of its agents, attorneys or employees shall constitute or be deemed a waiver, estoppel, admission of liability, acknowledgment or prejudice of any nature, type or kind whatsoever to any and all rights, remedies, claims and/or defenses of Federal under the Bonds, the Other Bonds, any indemnity agreements, any subordination agreements, any agreements, at law, in equity, or otherwise. In addition, nothing contained herein, nor any communication, act or failure to act on the part of Federal and/or any of its agents, attorneys or employees shall constitute or be deemed a waiver or modification of any of the terms, provisions, penal limits, conditions and/or definitions of the Bonds, the Other Bonds, any indemnity agreements, subordination agreements and/or any agreements whatsoever.

16.    Nothing contained herein shall be construed nor deemed to require Federal to provide financing, advance any monies and/or make any payments other than in its sole discretion, and any financing, advances and/or payments may be terminated or cancelled at any time by Federal at will, for cause, for no cause, for any reason and/or for no reason at all.

17.    All rights, remedies, defenses and/or claims provided to Federal under this

Agreement shall be construed and deemed to be in addition to any and all other rights, remedies,

defenses and/or claims Federal may have at any and all times under any agreements, bonds,

indemnity agreements, subordination agreements, at law, in equity, or otherwise. Federal may,

in its sole discretion, seek to enforce any and all rights, remedies, defenses and/or claims at any

and all times, and any partial or complete exercise of any particular rights, remedies, defenses, or

claims by Federal shall neither limit nor otherwise impair the exercise of any and all of Federal's

rights, remedies, defenses and/or claims in any manner whatsoever. Nothing herein shall

preclude Federal from pursuing all rights, remedies, defenses and/or claims as an assignee of any

beneficiaries or claimants of the Bonds or Other Bonds and/or under the doctrine of subrogation.

18.    Notice to Federal and/or the Indemnitors, unless otherwise directed in writing, for

any reason shall be sent, at the option of the party providing notice, either by: (i) first class mail

and facsimile; or (ii) certified mail to the following parties:

Vincent C. Miseo
Federal Insurance Company
15 Mountain View Road, P.O. Box 1615
Warren, New Jersey 07061-1615
Telephone:    (908) 903-5314
Facsimile:    (908) 903-3030

With copies to:
Monroe Weiss, Esq.
Lambert & Weiss
61 Broadway, Suite 2020
New York, New York 10006
Telephone:    (212) 344-3100
Facsimile:    (212) 422-4047

George Campbell Painting Corp. and/or
Campbell Engineering Support Services, Inc., George Campbell Associates Corp.,
George Campbell Contracting Supply Corporation, Painter's Equipment Leasing,
Inc., Georval, Inc., Campbell Painting Corp., Campbell Contracting Supply Corp.
C/o GEORGE CAMPBELL PAINTING CORP.

18

31-40 College Point Boulevard
Flushing, NY 11354
Telephone:      (718) 353-8330
Facsimile:      (718) 353-4537

Gregory E. Campbell, individually and personally
31-40 College Point Boulevard
Flushing, NY 11354
Telephone:      (718) 353-8330
Facsimile:      (718) 353-4537

With copies to:
Michael E. Greene, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, New York 10105
Telephone:      (212) 603-6360
Facsimile:      (212) 956-2164

19.      The Indemnitors, including Gregory E. Campbell, individually and personally,
hereby represent, warrant, acknowledge, covenant and agree that it/he/they has or have no claims
against Federal relating to any and all matters whatsoever, and further each such Indemnitor
covenants not to sue Federal for any reason whatsoever, except to enforce this Agreement.

20.      The Indemnitors, including Gregory E. Campbell, individually and personally,
hereby acknowledge that Federal has relied and will continue to rely upon the truth of any and all
representations or statements made herein (including as set forth in the "whereas" clauses above)
and/or made at any and all times by each such Indemnitor and/or its/their counsel.

21.      This Agreement shall constitute the entire agreement of the parties hereto and
shall not be subject to any change, modification, amendment or addition without the express
written consent and approval of Federal and the Indemnitors.  Any oral discussions or
agreements prior to the date of this Agreement shall not in any way vary, change, amend,
supplement, or modify this Agreement.

22.      Each party warrants that it/he/she is fully empowered and authorized to enter into

this Agreement. Each party further warrants and represents, in executing this Agreement, that it/he/she has relied upon legal advice from the attorneys of its/his/her choice, that the terms of this Agreement and its consequences have been read and completely explained to each party by said attorneys, that it/he/she fully understands its terms, that it/he/she has not relied upon any inducements, promises or representations made by any other party (except Federal as set forth herein), and that each party has signed this Agreement as an act of its/his/her own free will.

23.     Each party hereto has participated in the drafting and negotiation of this Agreement and for all purposes this Agreement, and every provision in it, shall be deemed to have been drafted jointly by each party hereto. There shall not be a presumption or construction against any party hereto, each party expressly waiving the doctrine of *contra proferentem*.

24.     This Agreement shall be governed by and be construed in accordance with the laws of the State of New York. Any action, lawsuit and/or other proceeding related and/or incidental to this Agreement must be maintained in the courts within the State of New York, County of New York, and further any foreign corporation and/or non-domiciliary agrees to submit to the jurisdiction of the courts within the State of New York, County of New York.

25.     In the event that any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision.

26.     The effective date of this Agreement is the first date set forth below. This Agreement shall be binding upon and inure to the benefit of Federal, the Indemnitors and/or its/their respective affiliates, subsidiaries, parent companies, predecessors, administrators, trustees, successors, representatives and assigns.

27.     This Agreement may be executed in Counterparts. The executed signature

20

page(s) from each original may be joined together and shall constitute one and the same instruments. Facsimile and/or electronic signatures shall be deemed original signatures.

IN WITNESS HEREOF, the undersigned have caused its/their respective duly authorized officer(s) to execute this instrument and its/their respective corporate seals to be hereunto affixed and/or have set his/her respective hands and caused his/her respective signatures to be hereunto affixed on this ____ day of _APR 1 6 2008_, 2008.

George Campbell Painting Corp.

By: _____

Campbell Engineering Support Services, Inc.

By: _____

George Campbell Associates Corp.

By: _____

George Campbell Contracting Supply Corporation

By: _____

Painter's Equipment Leasing, Inc.

By: _____

Georval, Inc.

By: _Vallei Campbell_

Campbell Painting Corp.

By: _____

Campbell Contracting Supply Corp.

By: _____

Gregory E. Campbell, Individually

By: _____
      Gregory E. Campbell

Federal Insurance Company

By: _____
      Vincent C. Miseo

21

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK    )
                     ) ss.

COUNTY OF (ʘʘʘⱸ )

    BEFORE ME, the undersigned, **GREGORY E. CAMPBELL** the    **PRESIDENT**
of GEORGE CAMPBELL PAINTING CORP., personally appeared, personally known to me or
proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument
and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ day of _APR 1 6 2008_, 2008.

_____
NOTARY PUBLIC

                                  Eric P Dill
                     Notary Public. State of New York
               No 01DI6054912 Qual Nassau County
                  Term Expires March 5. 20 //

My commission expires on: _____.

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK    )
                     ) ss.

COUNTY OF   QUEENS   )

    BEFORE ME, the undersigned, **GREGORY E. CAMPBELL** , the    **PRESIDENT**
of CAMPBELL ENGINEERING SUPPORT SERVICES, INC., personally appeared, personally
known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they
executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument and he/she/they has (have) full power and authority to execute and bind
the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ day of _APR 1 6 2008_, 2008.

_____
NOTARY PUBLIC

                                  Eric P Dill
                     Notary Public. State of New York
               No 01DI6054912 Qual Nassau County
                  Term Expires March 5. 20 //

My commission expires on: _____.

22

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK          )
                           ) ss.
COUNTY OF ~~QUEENS~~       )

BEFORE ME, the undersigned, **GREGORY E. CAMPBELL**, the **PRESIDENT** _____ of GEORGE CAMPBELL ASSOCIATES CORP., personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008**, 2008.

_____
NOTARY PUBLIC

Eric P Dill
Notary Public, State of New York
No 01DI6054912 Qual Nassau County
Term Expires March 5, 2011

My commission expires on: _____.

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK          )
                           ) ss.
COUNTY OF ~~QUEENS~~       )

BEFORE ME, the undersigned, ~~GREGORY E. CAMPBELL~~, the **PRESIDENT** _____ of GEORGE CAMPBELL CONTRACTING SUPPLY CORPORATION, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008**, 2008.

_____
NOTARY PUBLIC

Eric P Dill
Notary Public, State of New York
No 01DI6054912 Qual Nassau County
Term Expires March 5, 2011

My commission expires on: _____.

23

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK    )
                      ) ss.
COUNTY OF **QUEENS**    )

      BEFORE ME, the undersigned, **GREGORY E. CAMPBELL** the **PRESIDENT** of PAINTER'S EQUIPMENT LEASING, INC., personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008** 2008.

_____
NOTARY PUBLIC

                             Eric P Dill
               Notary Public. State of New York
        No 01DI6054912 Qual Nassau County
           Term Expires March 5, 20 11

My commission expires on:_____.

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK    )
                      ) ss.
COUNTY OF **QUEENS**    )

      BEFORE ME, the undersigned, **VALERIE CAMPBELL** , the **PRESIDENT** of GEORVAL, INC., personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008** , 2008.

_____
NOTARY PUBLIC

                             Eric P Dill
               Notary Public. State of New York
        No 01DI6054912 Qual Nassau County
           Term Expires March 5, 20 11

My commission expires on:_____.

24

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK  )
                   ) ss.
COUNTY OF QUEENS   )

     BEFORE ME, the undersigned, **GREGORY E. CAMPBELL** the **PRESIDENT** of CAMPBELL PAINTING CORP., personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008**, 2008.

_____
NOTARY PUBLIC

Eric P Dill
Notary Public, State of New York
No 01DI6054912 Qual Nassau County
Term Expires March 5, 20 11

My commission expires on:_____.

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK  )
                   ) ss.
COUNTY OF QUEENS   )

     BEFORE ME, the undersigned, **GREGORY E. CAMPBELL**, the **PRESIDENT** of CAMPBELL CONTRACTING SUPPLY CORP., personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008**, 2008.

_____
NOTARY PUBLIC

Eric P Dill
Notary Public, State of New York
No 01DI6054912 Qual Nassau County
Term Expires March 5, 20 11

My commission expires on:_____.

25

## INDIVIDUAL(S) ACKNOWLEDGMENT

STATE OF NEW YORK    )
                          ) ss.
COUNTY OF   QUEENS     )


       BEFORE ME, personally appeared, GREGORY E. CAMPBELL, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same for the purposes therein contained as his/her free act and deed.


SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ day of **APR 1 6 2008** 2008.


_____
NOTARY PUBLIC


My commission expires on:_____.

Eric P Dill
Notary Public, State of New York
No. 01DI6054912 Qual. Nassau County
Term Expires March 5, 2011

26

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW JERSEY   )
                          ) ss.
COUNTY OF SOMERSET   )


     BEFORE ME, the undersigned, _VINCENT C. MISEO_ , the _SURETY CLAIMS ATTORNEY_ of FEDERAL INSURANCE COMPANY, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and he/she/they has (have) full power and authority to execute and bind the undersigned.

SWORN TO AND SUBSCRIBED BEFORE ME THIS _7^TH_ day of _MAY_____ , 2008.

NOTARY PUBLIC

MARGARET LOUISE TUDOR
NOTARY PUBLIC OF NEW JERSEY
My commission expires on:____Commission Expires 6/29/2009

27